RECHER ET AL. *v.* STATE OF INDIANA, EX REL. BRUNTON ET AL.

[No. 22,461. Filed October 15, 1914.]

1. MANDAMUS.— *Improvement of Highways.— Duties of County Commissioners.—Enforcement.*—Under §7722 Burns 1914, Acts 1905 p. 521, §73, providing that when any highway shall have been ordered laid out, established, graded, drained and paved, as therein provided, it shall be the duty of the board of commissioners to make an order requiring the auditor to give notice, etc., a mandatory duty, ministerial in character, is imposed upon the board requiring it, after ordering the improvement of a highway, to enter a further order directing the county auditor to advertise for bids for the construction, and the proper remedy for a failure of the board in that respect is by mandamus. p. 305.

2. HIGHWAYS.—*Construction. — Bonds. — Order of Issue. —* Under §7725a Burns 1914, Acts 1913 p. 604, providing that bonds for

the improvement of free gravel or macadamized roads shall be issued in the order in which the judgments establishing the respective roads are rendered, the board of county commissioners can not, after entering an order establishing a highway improvement, defer the time of advertising for bids and the issuance of bonds therefor so as to give priority in such matter to highway improvements subsequently established. p. 305.

From Newton Circuit Court; *Charles W. Hanley*, Judge.

Action in mandamus by the State of Indiana, on the relation of Luther A. Brunton and others, against Lawson H. Recher and others, as the Board of Commissioners of Newton County. From a judgment for relators, the defendants appeal. *Affirmed.*

*T. B. Cunningham* and *John Higgins,* for appellants.
*W. E. Harry* and *Frank Davis,* for appellees.

Spencer, J.—Suit by appellees to compel appellants, as the board of commissioners of Newton County, to enter an order directing the county auditor to advertise for bids for the construction of a certain macadam highway in said county and for the sale of bonds to pay for the same. From the allegations of the complaint it appears, in substance, that on June 5, 1911, appellees and others filed with the auditor of Newton county a petition for the improvement by grading and draining of a certain highway in said county; that such further proceedings were had in the matter as resulted in an order by the board of commissioners of Newton county, establishing the improvement as prayed for; that this order was entered at the regular November term, 1912, of said board; that the required notice of the letting of the contract for said work was given but no bids were filed for the construction thereof; that at the January term, 1913, of said board other viewers were appointed to make a new estimate; that such estimate was made and approved by the board pursuant to the provisions of §7724 Burns 1914, Acts 1913 p. 648; that on May 5, 1913, the petitioners presented a written petition to said board of commissioners asking that

an order be entered, ordering and directing the county auditor to let the contract for the construction of the proposed improvement; that said board then refused to enter said order but continued said petition until the June term, when said board refused the prayer of said petition and entered the following order:

"Come now the parties and the board considers the matter of the petition filed in said cause, to have the auditor advertise for bids for the construction of said proposed improvement, and the board after due consideration and being advised in the premises finds that by an order of the board entered in the cause at the December term, 1912, it was found and adjudged that proceedings in the matter of the petition of Martin G. Barker et al. for a similar improvement under the highway improvement laws of the State of Indiana, had priority of the proceedings in the cause and other proposed improvements in Jackson Township which are being held in abeyance on account of the bonded indebtedness of said township exceeding the amount that will permit the issuance of other bonds for highway purposes and that said bonded indebtedness now existing and the amount necessary to build the Barker Road will exceed four per cent of the taxables of said township. It is therefore ordered and adjudged by the board that the letting of the contract for the construction of the proposed improvement herein prayed for, be and the same is hereby continued until such a time hereafter when the bonded indebtedness of said township for highway purposes shall have been reduced sufficient to build said improvement known as the Barker Road and the improvement known herein as the Luther Brunton Road, and the auditor is hereby ordered to advertise for bids for said construction at such time in the order above designated."

The petition further represents that "at this time sufficient funds can be raised within the four per cent limit, upon the taxable property of said township, to construct said improvement and pay the cost of location, and that the necessary amount of bonds can be sold within said four per cent limitation, to build and pay for said improvement; that no order, judgment, or decree establishing macadam

roads was entered prior to the order establishing the improvement herein described, and there is at this time no reason why an order of sale of said improvement should not be made and entered of record." Then follows a prayer for a writ of mandamus.

Appellants' demurrer to this complaint was overruled, whereupon they filed a paragraph of answer alleging "that the matters and things set forth in relators' petition for writ of mandamus herein is a cause still pending before the board of commissioners of Newton county, Indiana, defendants herein, as appears from the findings and orders of said board, entered of record at their regular and special terms of said commissioners' court." It then sets out a copy of the order above quoted from appellees' complaint and also the following order which, it is alleged, was entered by the board of commissioners on May 23, 1913:

"This cause coming on for hearing from the adjournment of the regular December term 1912, the question of priority of this petition over the petition of Martin G. Barker et al. for a macadam road in Jackson township, is now considered, and the board having considered the matter and being sufficiently advised in the premises finds that said petition of Martin G. Barker et al. was filed and referred to viewers for report thereon one month prior to the petition of Luther A. Brunton et al. and the board now finds that the said improvement petitioned for by Martin G. Barker et al. should have the benefit of the ability of said Jackson township to issue bonds for the construction of the Luther A. Brunton et al. road. It is therefore ordered and adjudged by the board that the petition of Martin G. Barker et al. for a macadam road in Jackson township shall be entitled to the first consideration in the issuing of bonds for construction coming within the taxing ability of said township, and said petition of said Luther A. Brunton et al. is now continued until such time as the assessed valuation of said Jackson township will permit the issuing of bonds for construction thereof, after the bonds for the construction of Martin G. Barker et al. have been issued and day is given."

It is then alleged that no appeal was ever taken from said order and that it still remains the order of the board of commissioners in said cause. Prayer for judgment. Appellees' demurrer to this answer was sustained and this ruling, with that on the demurrer to the complaint, presents the only questions involved in this appeal.

Appellants contend that under the facts presented by the pleadings no writ of mandate may properly issue for the reason that appellees' remedy, if any, lies in an appeal from the action of the board of commissioners in refusing to grant the order prayed for. Appellees, on the other hand, contend that the issuance by said board of an order directing the county auditor to give notice of the letting of a contract for the construction of the proposed improvement is a ministerial act; that mandamus is a proper remedy to compel its issuance. This contention is well-founded. Section 7722 Burns 1914, Acts 1905 p. 521, §73, provides as follows: "When any such highway or part of highway shall have been ordered to be laid out, established graded, drained and paved, as herein provided, * * * it shall be the duty of the board of commissioners to make an order requiring the auditor to give notice", etc. This statute is mandatory and imposes on the board of county commissioners a duty which is ministerial in character. Whenever an order has been entered establishing a proposed improvement it then becomes the positive duty of the board of commissioners to enter a further order directing the county auditor to give the proper notice to bidders for the construction of said improvement.

Section 7725a Burns 1914, Acts 1913 p. 604, expressly provides that bonds for the improvement of free gravel or macadamized roads "shall be issued in the order in which the judgments establishing the respective roads are rendered." Appellees have alleged in their complaint that no judgment or decree establishing such a road

Vol. 182—20

was entered by appellant board prior to the order establishing the improvement sought by appellees. Appellants' demurrer admits the truth of this allegation in the complaint and the answer contains no averments which negative its force. It is therefore clear, under the pleadings, that appellees are entitled to the preference given them by the statute and that appellants are required to issue the order prayed for. Judgment affirmed.

NOTE.—Reported in 106 N. E. 355. See, also, under (1) 26 Cyc. 296; (2) 37 Cyc. 233.