BLEUMEL ET AL. *v.* STATE OF INDIANA, EX REL. BRETZ.

[No. 25,911. Filed February 3, 1933. Rehearing denied April 6, 1933.]

From Dubois Circuit Court; *John L. Sumner,* Judge.

*Leo H. Fisher,* for appellants.
*Eldo D. Wood,* for appellee.

TREANOR, C. J.—This action was commenced by appellee by verified complaint against appellants, as mem-

bers of the DuBois County Council, asking that they be mandated and compelled to pass or adopt an ordinance authorizing the issuance of bonds sufficient in amount to pay for the construction of relator's cemetery or graveyard road which had been ordered and judgment therefor entered by the county commissioners of Dubois County pursuant to §§8581.1-8581.4 Burns Ann. Ind. St. Supp. 1929, Acts of 1929, p. 442. The complaint shows that a verified petition signed by more than 400 voters and freeholders of Dubois County, including relator, was filed with the auditor of Dubois County on May 27, 1929, requesting the county commissioners to construct appellee's cemetery road in accordance with §8581.1 et seq., *supra*. The complaint proceeds upon the theory that the county council is compelled, under the statute, to adopt an ordinance authorizing the loan and issue of bonds in the amount of the contract price upon the order of the board of commissioners stating that they had done all the acts necessary for the construction of such cemetery road as provided by the above cited statute. The complaint sets forth all facts showing that the commissioners had done every act of them required to be done; that $50,833.20 bonding capacity was available for the construction of roads, and that the cost of the road in question would amount to $4,992.00.

The trial court overruled appellants' demurrer to the complaint and sustained appellee's demurrer to appellants' second paragraph of answer. Appellants refused to plead further and judgment was thereupon rendered for the plaintiff and appellants were mandated to adopt an ordinance authorizing the negotiation of a loan and the issuance and sale of county bonds to provide for the payment for the construction of the road as ordered by the county commissioners.

The gist of appellants' contention is clearly indicated

by the following statement taken from appellants' brief: "Taking all allegations of the amended complaint ▓ as true, it is bad for failure to negative the facts that other petitions were filed and pending ahead of appellee's petition and the aggregate cost of construction of said prior petitioned highways would not consume all of the balance of bonded indebtedness available for highway construction by the county.

"The same argument can be urged in sustaining the demurrer of the appellee to the second paragraph of answer. This answer clearly shows that there were at least twelve petitions for the construction of county unit and graveyard highways to be paid for by taxation pending and on file with the auditor at and before the time appellee's petition for the cemetery road was filed."

Appellants do not contend that an action for mandate is not the proper remedy and can not successfully maintain that appellee's complaint fails to state all facts necessary to constitute a cause of action unless it is an essential element of his action to negative the facts set forth in the above quotation from appellants' brief. While appellants' general proposition "Highways must be built in the order provided by statute" is not objectionable it might be well to point out that the case which is cited by appellants in support of the foregoing proposition (*Recher* v. *State, ex rel.* (1914), 182 Ind. 301, 106 N. E. 355) construes the statute which was being considered by the court as requiring that bonds for the improvement of free gravel or macadamized roads be issued in the order in which the judgments establishing the respective roads are rendered and not in the order in which petitions for the establishing of roads are filed. In the instant case the complaint shows that all proper preliminary steps for the establishment of the road in question had been taken and that a judgment establishing the road had been rendered. In con-

nection with *Recher* v. *State, ex rel., supra,* appellants rely upon §8412 Burns Ann. Ind. St. 1926 (Acts of 1923, ch. 103, p. 289, §2) as authority for the proposition that the board of commissioners acted without authority in considering relator's petition for a highway and rendering judgment establishing such highway out of the order in which it was filed and prior to the disposal of petitions for highways filed before the filing of relator's petition. However, petitions for the construction of highways come within the purview of §8412, *supra,* only "when said district is already bonded to the legal limit," whereupon such petitions shall be "taken up and acted upon in the order in which they are filed." Relator's complaint in the instant case contained facts establishing that Dubois County was not "already bonded to the legal limit" when this petition was filed, and appellants did not claim, by their answer, that such limit had been reached, but claimed that the legal limit would be reached by the incurrence of the indebtedness provided for in the petitions for highways already on file when relator's petition was filed. It is, of course, true that appellee was not entitled to his relief of mandate unless the bonded indebtedness of the taxing district was such that the required amount of bonds could be legally issued. But the bonded indebtedness of the district is not determined by the amount of prospective indebtedness provided for by petitions but by the amount of bonded indebtedness legally incurred.

We hold that it was not necessary for the appellee to negative "the facts that other petitions were filed and pending ahead of appellee's petition and the aggregate cost of construction of said prior petitioned highways would not consume all of the balance of bonded indebtedness available for highway construction by the county," and we also hold that the

answer of appellants setting up that at the time relator's petition was filed "there was then pending and theretofore filed not less than twelve petitions for the construction of county unit highways and cemetery roads, the estimated cost of which would largely exceed the balance of the bonded indebtedness available to pay for the construction" of such highways was insufficient as against appellee's demurrer.

The action of the trial court in overruling appellants' demurrer to appellee's complaint and in sustaining appellee's demurrer to appellants' answer was not erroneous.

Judgment affirmed.

### ON PETITION FOR REHEARING.

TREANOR, C. J.—In their petition for rehearing appellants urge that in affirming the decision and judgment of the Dubois Circuit Court we are acting in violation of ch. 2, "An act to repeal an act entitled 'An act concerning the construction and maintenance of highways connecting cemeteries or graveyards with improved highways,' approved March 12, 1929," Acts of 1932, p. 5, ch. 15, "An act prohibiting the issuance of bonds for the construction of county highways for a designated period of time," Acts of 1932, p. 27, and also in violation of ch. 53, "An act prohibiting the issuance of bonds for the construction of free gravel or macadamized highways for a designated period of time," Acts of 1932, p. 200.

Chapter 2, *supra,* repeals the act under which the proceedings in the instant case were taken; but §2 of ch. 2 expressly saves the proceedings by the following provisions: "Nothing contained in the act shall be construed to apply to any highway when a petition has been properly filed and approved by the board of county commissioners and viewers and engi-

neer duly appointed and they have prepared and filed plans and specifications and a judgment rendered ordering the establishment of said improvement."

The prohibitions of chapters 15 and 53, *supra,* are directed to boards of commissioners of the counties of the state and the effect of these two acts is limited to cases in which the board of commissioners authorizes and issues bonds or other evidences of indebtedness under the general laws governing road building. We do not think that either ch. 15 or ch. 53 applies to the instant case which comes under the act expressly and specifically limited to "highways connecting cemeteries with improved roads" and under the terms of which the county council authorizes the bond issue. It is easier to arrive at this conclusion since ch. 2 of the Acts of 1932, which expressly saved a cemetery road proceeding which had reached the stage of that of the instant case, was enacted at the same session of the General Assembly which enacted chapters 15 and 53.

Petition for rehearing denied.