## A. DICILLO & SONS, Inc., v. CHESTER ZONING BOARD OF APPEALS, et al.

Common Pleas Court, Geauga County.

No. 10826. Decided September 13, 1950.

James A. Chiara, Cleveland, for plaintiff.
Baker & Baker, Painesville, for defendants.
Charles P. Baker Jr., Painesville, of counsel.

### OPINION

By THOMAS, J.

Filed against a township board of zoning appeals, this action designated a "petition in appeal," appeals a decision of defendant board on the ground that said decision was un-

reasonable and unlawful. Defendant board, by motion requests that the petition be made more definite and certain "by stating in what manner the decision rendered by the defendant board was unreasonable or unlawful." The propriety of this motion is the question to be decided.

If this action involved an original cause of action—as distinguished from appeal—generally accepted principles of definiteness and certainty in pleadings would govern the disposition of defendant's motion. But this action is not an original cause of action. Instead it actually represents an appeal. Its title, "petition in appeal," shows that. And its essential allegations stamp this action as an appeal.

"Plaintiff for its cause of action states that this matter is brought before this court as an appeal from the decision heretofore rendered by the Chester Township Zoning Board of Appeals on the ground that said decision was unreasonable and unlawful as provided by the statutes of Ohio governing."

"Plaintiff states that it is a duly authorized corporation in the State of Ohio, Geauga County, with its principal place of business located in Chester Township; that its business is meat packing and slaughtering of live stock for human consumption;—."

"Further plaintiff states that on the 23rd day of June, 1950, application was made for a Zoning Certificate in said Chester Township relative to the partial alteration of one (1) of the building occupied by plaintiff and used in the conduct of its said business; that thereafter on the 10th day of July, 1950, a Zoning Certificate duly executed by the said Township Zoning Inspector was issued to this plaintiff."

After reciting facts showing that an appeal from the granting of such certificate was prosecuted to the Township Zoning Board of Appeals, and that a hearing on said appeal was held on the 21st day of July, 1950, the petition further states:

"that thereafter under postmark of July 24, 1950, a communication dated July 22, 1950, was received from said Zoning Board of Appeals revoking the building permit theretofore issued and reading as follows, to-wit:

Chester Township, Ohio,
July 22, 1950

"Having heard testimony from those interested and present at meeting July 21 at Town Hall, Chester Township, and having considered this testimony, we have decided as follows;

"That the zoning permit (for alterations) issued by the Chester Township Town Clerk to DiCillo and Sons, Inc., should be and is hereby revoked,

Zoning Board of Appeals."

In its prayer the plaintiff prays:

"for an order reversing and vacating the decision of said Chester Township Zoning Board of Appeals; that this Court find the order revoking said building permit by said Board of Appeals to be unreasonable and unlawful;"

It is evident therefore that this action is an appeal. But what is the statutory basis of this appeal? Is it an appeal on questions of law, or on questions of law and fact? What requirements of appellate procedure are applicable to this appeal? On the answers to these novel and substantial questions depends the disposition of defendants motion.

What Is The Statutory Basis Of This Appeal?

The essential allegations of plaintiff's petition in appeal indicate that plaintiff is filing an appeal pursuant to the appellate provisions of the Rural Zoning Act (§3180-1 to §3180-50)—hereafter called The Act. The right to appeal to the Common Pleas Court from adverse decisions of township boards of zoning appeals is found in the last two sentences of §3180-39 GC:

"Any person adversely affected by a decision of a township board of zoning appeals may appeal to the court of common pleas of the county in which such township is located on the ground that such decision is unreasonable or unlawful. The court may affirm, reverse, vacate, or modify the decision complained of in the appeal."

The act, which became effective September 25, 1947, enables counties or townships to enact zoning resolutions. By such a resolution the people of a county or a township, outside of any incorporated area, may regulate the use of land, and construction and alteration of structures on the land.

The resolution adopted by Chester Township, in accordance with The Act, creates the position of township zoning inspector, authorizes him to issue zoning certificates in conformity with the resolution, creates a township board of zoning appeals, and empowers the Board in accordance with §3180-38 and §3180-39 GC of the Act.

The only reference in either The Act or the Chester Resolu-

tioñ to the right of appeal to common pleas court is contained in the last two sentences of §3180-39 GC, previously quoted.

That then is the statutory basis of plaintiff's appeal. This leads to the next question.

Is This Appeal To The Common Pleas Court From The Township Board Of Zoning Appeals, An Appeal On Questions On Law And Fact, Or Only On Questions Of Law?

Another way to put the same question is to ask whether this appeal permits a review or a trial de novo.

A comparision of the powers of the township board of zoning appeals under the Act with those given to the court of common pleas in the event of an appeal to the court makes it very evident that the Board but **not** the Court, has the right and power to try or re-try issues of fact.

By the third paragraph of **§3180-38 GC,** the Board may

"reverse or affirm wholly or partly or may modify the order, requirement, decision or determination appealed from, and **may make such order, requirement, decision or determination as ought to be made, and as to that end shall have all powers of the officer from whom the appeal is taken.**"

The last two sentences of **§3180-39 GC** provide the right of appeal to the common pleas court in these words:

"Any person adversely affected by a decision of a township board of zoning appeals may appeal to the court of common pleas of the county in which such township is located on the ground that such decision was unreasonable or unlawful. The court may affirm, reverse, vacate or modify the decision complained of in the appeal."

Thus the board can **"make such order, requirement, decision or determination as ought to be made."** But the court can only **"affirm, reverse, vacate, or modify"** where a decision of the township board of zoning appeals is **"unreasonable or unlawful."** The grant to the board of the power to make an order which **"ought to be made,"** and the failure to grant that same power to the court can lead only to the conclusion that the court does not enjoy the power to try an appeal de novo, a plenary power which unquestionably is possessed by the board.

The Administrative Procedure Act (§154-61 et seq GC) governs hearings before certain designated state administrative

agencies and appeals therefrom to the courts. In such an appeal, the common pleas court is given the power to receive additional evidence under certain circumstances, and "the hearing in the court of common pleas shall proceed as in the trial of a civil action."

Nevertheless the Supreme Court, in the recent case of **Farrand v. State Medical Board of the State of Ohio, 151 Oh St 222, 39 O. O. 41,** has ruled that such appeal does not justify a trial de novo.

If the common pleas court, under the Administrative Procedure Act's broader appellate jurisdiction, cannot hear an appeal de novo from an administrative agency, it plainly follows that no appeal to the common pleas court from a township board of zoning appeals can be heard de novo.

This appeal therefore is simply one on questions of law.

An appellant is only entitled to corrective relief at the hands of the common pleas court if the factual findings of a township board of zoning appeals are **unreasonable** in that they are not supported by any substantial evidence, or if the board's conclusions of law or its decision are **in violation of law.**

This leads to the next question.

What Requirements Of Appellate Procedure Are Applicable To This Appeal?

The Act grants the right of appeal from a township board of zoning appeals but the Act is silent on how such an appeal is to be perfected. (§3180-39 GC.) Clearly, the Administrative Procedure Act does not govern this appeal, because its scope is expressly defined and township boards of zoning appeals are not made subject to its provisions.

The Appellate Procedure Act (§12223-1 et seq GC) on the other hand, expressly provides in §12223-3 GC that

"Every final order, judgment or decree of a court and, when provided by law, **the final order of any administrative officer, tribunal, or commission** may be reviewed as hereinafter provided, unless otherwise provided by law—."

Certainly a ruling of a township zoning board of appeals is "a final order of any administrative tribunal or commission" which a law (here The Act) authorizes an appeal. Nor is the procedure for this appeal otherwise provided for in The Act. Hence, it seems inescapable that the perfecting of the present appeal is governed by the Appellate Procedure Act.

Under the Appellate Procedure Act the following procedural steps appear to be required in order to perfect an appeal from

a township board of zoning appeals to the common pleas court.

1. Under §12223-4 and §12223-7 GC the appeal shall be deemed perfected when written notice of appeal shall be filed with the township board of zoning appeals, which filing shall be not later than 10 days following the board's order.

2. Under §12223-5 GC the only jurisdictional fact which the notice of appeal must contain is the order of the township board of zoning appeals which is being appealed.

3. Under §12223-8 GC within 10 days after the notice of appeal is filed, and upon the filing of a precipe by the appellant with the township board of zoning appeals and the payment to the board of the lawful fees, the board shall prepare and file in the common pleas court a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of. The journal entries shall include the board's findings of fact, conclusions of law, and its order in the case. (The reasons for requiring the board to render findings of fact and conclusions of law are subsequently stated).

4. The appellant shall prepare and file with the board and the board shall certify and forward to the common pleas court a transcript of the testimony of the hearing or so much thereof as may be necessary for said appeal. Under §12223-8 GC the time of filing in the common pleas court shall be fixed by the court.

5. At times fixed by the court of common pleas the appellant shall file assignments of error and a brief in support of its appeal, and the appellee shall file a brief in opposition to the appeal.

The Township Board Of Zoning Appeals Is Required To Render Findings Of Fact And Conclusions Of Law.

Now well established principles of due process require administrative agencies, to amplify their decisions with findings of fact and legal conclusions, Morgan v. United States, 304 U. S. 2, 82 L. Ed. 1129.

The New York Court of Appeals has repeatedly ruled that administrative agencies are bound to record the factual findings on which they base their decisions. N. Y. Water Service Corp. v. Water P. and C. Comm., 283 N. Y., 23, and Matter of Guernsey Breeders Co-op v. Boyes 284 N. Y. 197 at 204.

Boards of zoning appeals are similarly obligated. In Matter of Collins v. Behan, 285 N. Y. 187, a case which reviewed a decision of the Board of Zoning Appeals of the City of Troy, the New York Court of Appeals ruled that boards of zoning appeals, are bound to render findings of fact.

Thus the court said:

"To review, under article 78 of the Civil Practice Act, a determination made by an administrative board, there must be presented a record of all the evidence upon which the determination is based. Where the record of a proceeding presented for review is inadequate, the determination of the board will be reversed and the proceeding remitted to such board with instructions to make findings of fact in support of whatever determination it may reach on the evidence, with leave to the parties to the proceeding to introduce further evidence upon another hearing if one be had."

To insure a proper review of the action of an administrative agency it is equally imperative that the agency specify legal grounds on which the decision is based.

This principle is recognized by the Ohio Administrative Procedure Act which requires the agency referee to render conclusions of law as well as findings of fact, and which requires the agency to include in the record of its proceedings the reasons for any modification or disapproval of the recommendation of its referee (§154-70 GC).

Any findings of fact and conclusion of law rendered by an administrative agency is part of its proceedings and therefore should be journalized as an official action.

Such findings of fact and conclusions of law are therefore to be included in the transcript of journal entries which a township board of zoning appeals is compelled to file in the common pleas court on an appeal.

Applying These Applicable Rules Of Appellate Procedure In Accordance With The Appellate Procedure Act, What Disposition Should Be Made Of Defendant's Motion?

In view of the failure of The Act to spell out the procedural steps to be taken in perfecting an appeal from a township board of zoning appeal to the common pleas court it is not surprising to find both parties employing forms of pleading more consistent with the prosecution of **original causes of actions** than with an appeal.

Thus plaintiff's petition in appeal is cast more in the form of a petition in an original action than in the form of a notice of appeal. Yet it contains the one allegation which all notices of appeal must contain. It describes the final order of the Chester Township Board of Zoning Appeals from which the appeal is prosecuted.

Moreover, the petition in appeal, which in effect is a written notice of appeal, was served on the township board of zoning appeals, by the Sheriff. It would have been sufficient if the plaintiff appellant had personally delivered it to the defend-

ant appellee. To have the sheriff serve it along with a summons was no less effective.

Likewise service of the petition and summons was made on the defendant appellee within the allowable period of 10 days in which a notice of appeal must be filed.

In form, defendant's motion is drawn on the assumption that the petition in appeal may be attacked in the same manner as if it were a petition filed in an original cause of action.

If this appeal were proceeding under the Administrative Procedure Act the appellant's notice of appeal would be required to contain the order appealed from and the grounds. of the appeal. (Sec. 154-73 GC). Conceivably if this appeal arose under the Administrative Procedure Act the appellee would have been warranted in moving for a more definite and certain statement of the grounds of appeal.

But since this appeal arises under the Appellate Procedure Act the notice of appeal need not contain the grounds of appeal. Accordingly, defendant's motion may not require the appellant to elaborate its petition in appeal, which for present purposes is regarded as a notice of appeal.

However, under the Appellate Procedure Act the plaintiff appellant is required to file assignments of error. Accordingly defendant's motion will be treated as a request that the plaintiff appellant be ordered to file assignments of error.

Nothing would be gained by overruling the defendant's motion on the ground that the defendant has misconceived its. form of remedy. To do so would merely protract these preliminary proceedings and unjustifiably postpone the day when the parties and the court must deal with this appeal on the merits.

The court will therefore regard defendant's motion as a. request for filing of assignments of error, and so considered, it will be granted upon the following conditions;

1. That plaintiff appellant will immediately file a precipe with the defendant board, together with the lawful fees, requesting the filing in this court of a transcript of all docket. and journal entries including findings of fact and conclusions. of law and the original papers or a transcript thereof, as are necessary to exhibit the error complained of.

2. The defendant appellee not later than September 30, 1950, will comply with paragraph 1. If it has not already prepared findings of fact and conclusions of law in support of its decision and order, the board will proceed to prepare such findings. of fact and conclusions of law within the allotted time.

3. The plaintiff appellant not later than September 30, 1950 will prepare a transcript of the testimony or Bill of Excep-

tions, and file it with the defendant appellee who will thereupon but not later than October 7, 1950, certify said transcript and file it with this court.

4. Within 20 days after the defendant appellee has filed the various transcripts specified above, the plaintiff appellant shall serve upon the defendant appellee and file with this court its assignments of error and supporting brief. Within 20 days after receiving said assignments of error and supporting brief, the defendant appellee shall serve upon the plaintiff appellant and file with this court its answer brief. Within 10 days thereafter the plaintiff appellant will serve upon the defendant appellee and file with this court its reply brief.

The last five paragraphs of this opinion constitute the order of this court and will be so journalized.