## HARDY v. HORST et.

Common Pleas Court, Summit County.

No. 177610. Decided April 11, 1951.

George R. Platt, Barberton, for plaintiff.
Gilbert Hartz, Asst. Pros. Atty., Akron, for defendants.

## OPINION
By WATTERS, J.

This matter comes before the court under the provisions of §3180-39 GC, which in part and in substance provides:

"Any person adversely affected by a decision of a township board of zoning appeals may appeal to the Court of Common Pleas * * * on the ground that such decision was unreasonable or unlawful. The court may affirm, reverse or modify the decision complained of in the appeal."

The statutes covering Township Zoning are §3180-26 to §3180-50 GC, both inclusive.

Sec. 3180-26 GC declares that the purpose of the legislature is "promoting public health, safety, morals or general welfare, to conserve and protect property and property values."

Sec. 3180-39 GC provides that all meetings of the Board of Appeals shall be open to the public, which is also set forth in the Stow Township Zoning Ordinance in Article 12, Section A-2 (at page 16 top).

The meeting held at Mr. Horst's home, in response to his letter, as chairman, to the board members, just prior to the public meeting of May 29th, was not a public meeting, and was improper. In calling this non-public meeting, Mr. Horst wrote in part—"at which time we can completely discuss what the law is and any other factors which might come up."

This meeting prior to the regular public meeting of the board was truly improper and should not have been called.

Of the five members on the board only three were present, one of which was the chairman, and all three voted against the appeal.

"A township board of zoning appeals is required to render findings of fact and conclusions of law, which must be journalized and included in the transcript of journal entries filed in the Common Pleas Court."

**DiCillo & Sons Inc. v. Board of Zoning Appeals, 44 O. O. 44, 59 Abs 513.** This is an opinion by Judge Thomas of the Common Pleas Court of Geauga County decided on September 13, 1950. (See, also, **158 Oh St 302.**)

The court also holds that the Common Pleas Court has no jurisdiction to try the matter de novo, but that the matter is an appeal on law only to the court. The appeal is governed by §**12223-1, et seq., GC.**

There is in the case at bar no finding of fact and conclusions of law by the board. No reason for the rejection was given.

The letter of the secretary of the board to Mrs. Hardy bases the whole denial of the appeal before the board on the grounds as contrary to Article VI, Section A-1 and A-1A, to-wit:

"A building or premises within an R-2 Residence District .shall be used only for the following purposes: Single family dwelling."

The. lot in question, No. 52 Stow Acres, was of record at the adoption and effective date of Article II, Section 1-c, page 14, which in part is as follows:

"Any lot of record on the effective date of this resolution may be used for **any single family dwelling** irrespective of the area of said lot; the width of the side yard of any such lot need not exceed ten percent of the width of the lot: * * * provided, however, that in no instance shall the minimum dimensions of the side or the rear yards be less than (5) and (20) feet respectively * * *."

In my opinion this lot being of record at the time of adoption of the above quoted section, said section applies.

The term **"any such family dwelling"** does not mean that only one single family dwelling can be built on a given lot.

Where there are doubts and ambiguities in any language employed, all doubts should be resolved in favor of the free use of the property involved. In other words restrictions must be strictly construed with a free use of the property in mind. See **Hunt v. Held, 90 Oh St, 280; Frederick v. Hay, 104 Oh St, 292.**

Under the above section, if the lot is considered as a unit one hundred feet in width, the side yard width need not exceed ten percent of the width, or ten feet, and also the minimum side yard shall not be less than five feet.

If you treat the lot as divided equally into two 'lots, fifty feet in width each, then the side yard need not exceed ten percent of the fifty feet width or five feet.

The plan as proposed (See drawing, Court's Exhibit Z) prepared by the contractor, provides a west side line for the proposed new house of seven feet.

Attention is called to the case of **Utopia Realty Co. Inc. v. Cleveland Heights, 12 O. O. 332** (Common Pleas, Cuyahoga County).

(2) Syllabus.

"The court is warranted in giving relief where the zoning restrictions as applied to particular property, amount to confiscation, without any resultant benefit to the health, morals or general welfare of the community."

The declared purpose of the legislation (§3180-26 GC) is to promote public health, safety, morals, general welfare, etc.

I believe that to prevent Mrs. Hardy from building another single residence on this 100 by 300 foot lot is unreasonable and unlawful, and confiscatory and a real hardship.

The east side line can be made ten feet instead of seven feet, which should be done.

Proper journal entry will be drawn by counsel for plaintiff to allow the house to be built with the side yard modification indicated.