VANDERVORT et, Plaintiffs-Appellants, v. SISTERS OF
MERCY OF CINCINNATI, an Ohio Corporation,
Defendant-Appellee.

Ohio Appeals, First District, Hamilton County.

No. 7681.   Decided December 29, 1952.

Louis J. Schneider, Jr., Cincinnati, for plaintiffs-appellants.
Wm. J. Damerell, Cincinnati, for defendant-appellee.

## OPINION

By MATTHEWS, J.:

This is an appeal on law and fact from a judgment rendered by the Court of Common Pleas of Hamilton County, Ohio. It is an action to enjoin the use as a parking lot of certain premises in the Village of Mariemont.

The defendant owns tracts of real estate in said Village designated as parcels 88, 103, and 122. There is located on parcel 103 a hospital with a capacity of 55 beds and as an accessory to the hospital there is a parking lot on said parcel. Because of the alleged inadequacy of the parking lot to serve the present needs of the hospital and to provide for an increase in the capacity of the hospital, it is now proposed to enlarge the parking lot and that gave rise to this controversy.

In 1942 the Council of the Village passed a comprehensive zoning ordinance covering the entire Village. The whole of parcel 103 was classified as "Residence B" property by the terms of this ordinance. About three months thereafter the defendant acquired title to parcels 88, 103 and 122, and commenced operating a hospital in the building on parcel 103 which had been built some time previously and designed for hospital use, but had not theretofore been so used. The hospital has been in continuous operation since the property was acquired by the defendant.

On June 28th, 1948, on the petition of the defendant the Council of the Village passed an ordinance amending the zoning ordinance of 1942 by transferring a strip 75 feet wide immediately within the perimeter of parcels 88, 103 and 122 from "Residence B" zone to "Residence A" zone, and other parts of defendant's property was transferred to Zone "B." The record fails to disclose any specific reason assigned by the Village Council for the transfer.

The defendant plans to use for parking lot purposes about 650 feet of that strip of parcel 103, and has graded or is in the process of grading and leveling it so that it will accommodate 100 automobiles. The tract is contiguous to the lots of some of the plaintiffs.

It is not disputed that a parking lot of this size and for this purpose would be a non-conforming use in "Residence A" zone. The defendant sought relief from the restriction under the hardship provision of the zoning ordinance.

Empowered by §4366-11 GC, the Council in the Zoning ordinance created the positions of building commissioner and planning commission, and delegated to the latter by paragraph 8 of Section 304-1 thereof the power to relieve against undue hardship in its application by modifying its strict application or by interpreting its meaning.

"Where the strict application of any provision of this ordinance would result in undue hardship upon the owners of specific property, or where there is a reasonable doubt as to any provision of this ordinance so as to relieve such hardship; provided that such modification and interpretation shall re-

main in harmony with the general purpose and intent of this ordinance, so that the public health, safety, convenience, comfort, prosperity and general welfare will be conserved and substantial justice done."

The general administration and enforcement of the zoning ordinance and building code was delegated to the commissioner of buildings and provision was made for appeals from his decisions to the planning commission. We have not been cited to and have not found any provision authorizing action by the planning commission other than by appeal from rulings by the building commissioner.

Without applying to the building commissioner for a permit and without giving any sort of notice, the defendant seems to have sought the advice of the planning commission on June 4th, 1946. At any rate the matter was discussed on that date. Sometime prior to July 3rd, 1951, the defendant addressed a letter to the planning commission in which the subject was brought to its attention again. As a result, the planning commission on that date passed a resolution in which it was recited that the expansion of Our Lady of Mercy Hospital had long been contemplated and the zoning ordinance amended with that in mind, that adequate parking facilities were a necessity and the ordinances required off-street parking facilities, that the zoning ordinance does not give off-street parking authority in either "Residence A or Residence B zone," that the topography of defendant's property limits the available parking space to the strip in question, and after this recital the planning commission resolved to and did approve "The establishment of a parking lot to accommodate 100 automobiles as shown by a drawing presented by defendant's representative "providing that reasonable standards of paving and landscaping are provided under authority of Section 304-1 (8)."

It is this approval by the planning commission which defendant presents as its authority to use this space for parking purposes. It is conceded that establishment of a parking lot of this character is a non-conforming use in "Residence A" zone.

Governmental restrictions upon the use of property can find constitutional authority only in the exercise of the so-called police power, that is, in the just power of the sovereign to pass all manner of laws to promote the public safety, the public health, the public morals, the general welfare and prosperity of the public. It is not sufficient for the law-making power to declare that it is legislating to promote one or more of those objects. The law must in fact have some reasonable relation to one of those objects. If it has no such relation, it consti-

tutes an arbitrary exertion of governmental power and violates the "due Process" provisions of the Federal and State Constitutions.

Assuming that a subject comes within the police power of the government, the determination of whether regulatory rules shall be enacted and their nature is a matter of policy confided by the Constitution to the law-making department of government; that is, the General Assembly for the State, and the council for the villages. And the authority thus confided cannot be delegated.

In **Clifton Hills Realty Co. v. Cincinnati, et al., 60 Oh Ap, 443,** we were called upon to determine the power to enact and amend zoning ordinances under the Constitution. In doing so. we set forth at some length our views on the general subject. We think the views there expressed are supported by the cases then decided as well as the later cases. See: Eggerbeen v. Sonnenberg, 138 A. L. R. 495 at 500, et seq. We shall not discuss the subject here.

We, therefore, conclude that if the use of this strip for parking purposes was a matter of policy, the Village council could not delegate to the planning commission the determination of that question. If it was not a matter of policy, but was only its application to the subject-matter of the policy predetermined by council then the power could be delegated to the planning commissioner or any other administrative officer or body. However, if the authority was properly delegated to the planning commissioner, his action must be taken in the form and manner prescribed by the delegating instrument, that is, in accordance with the zoning ordinance in this case.

It appears to the Court, however, that use of this strip for parking purposes would not be a minor change made necessary in the application of the "undue hardship" provision. but rather would serve to reverse and nullify almost' the whole of the amended ordinance.

Even assuming it comes within the "undue hardship" provision, the Planning Commission was unauthorized by the zoning ordinance for two reasons, viz: There was no action by the Building Commissioner from which an appeal to the Commission was taken, which was a prerequisite, and no notice of the hearing was given, which was required by the ordinance and also by due process.

It, therefore, appears that a case for injunctive relief has been established and a decree may be presented in accordance with this opinion.

HILDEBRANT, PJ, MATTHEWS, J, concur.