**STATE, ex KAHLER-ELLIS COMPANY, Relator v. CLINE et, Respondents.**

Common Pleas Court, Lucas County.

No. 177964.   Decided June 18, 1954.

Taylor, Cruey & Kelb, Toledo, for relator.
William D. Driscoll, Robert Dorrell, Toledo, for respondents.

## OPINION

By CAREY, J.

This is an action in mandamus brought by a property owner to require respondents, as the Planning Commission of the City of Toledo, to approve, as required by §3586-1 GC (now

in an amended form, §711.04 R. C.), a plat of a subdivision of relator's property. This plat subdivided the subject property into certain streets and 223 lots from 91.14 feet to 120 feet wide and from 110 feet to 115 feet deep. The great majority of the lots have an area of 11,000 square feet; the smallest has an area of 10,263 square feet and the largest 12,650 square feet. The sole ground urged in support of respondents' refusal to approve the plat is that it violates a rule of respondents which provides:

"The minimum dimensions shall be 50 feet width at the building line, 120 feet depth and 6,000 square feet in area."

The property is located outside of the corporate limits of Toledo but within three miles thereof, and as the City of Toledo has adopted a major street plan for this area it is necessary, as provided in the statute cited, that relator secure respondents' approval of the plat before it may be recorded. As the property is located outside of the corporate limits of the city, no claim is made that respondents derive any authority in relation to this plat from **Section 3 of Article XVIII of the Ohio Constitution,** commonly known as the Home Rule Amendment. Nor could respondents derive any authority in relation to this property from this constitutional provision; in **Realty Co. v. City of Youngstown, 118 Oh St 204,** the Supreme Court said at **page 207** of the opinion:

"Municipalities in Ohio have only such powers as are conferred upon them, either directly by the Constitution, or by the Legislature under authority of the Constitution. While the home-rule provisions of the **Ohio Constitution,** found in **Article XVIII,** confer certain powers upon municipalities, and while the provisions of that article are self-executing, the provisions of that article do not confer any extra-territorial authority. The direct authority given by that article is expressly limited to the exercise of powers within the municipality. The city of Youngstown therefore has only such authority in the matter of examining and checking plats of lands outside of the city as may be found to be conferred by statute."

The issue therefore is whether respondents have such authority under the statute to refuse their approval of the plat for the reason advanced by them.

The plat was submitted to respondents for approval on September 11, 1953, and disapproved by them at a meeting held on September 24, 1953. At that time the rule making authority of respondents as provided by statute was set forth in §3586-1 GC and reads as follows:

"Any planning commission * * * may adopt general rules

and regulations governing plats and subdivisions of land falling within its jurisdiction to secure and provide for the coordination of the streets within the subdivision with existing streets and roads or with the city or village plan or plats, for the proper amount of open spaces for traffic, circulation and utilities and for the avoidance of future congestion of population detrimental to the public health or safety; but such rules and regulations shall not require the dedication to the general public of open grounds or spaces other than streets and ways, nor impose a greater minimum lot area than thirty-five hundred square feet, nor any requirement as to the minimum percentage of lot occupancy, nor as to the height, bulk, location or use of buildings; and minor streets shall not be required to be wider than fifty feet."

It is conceded that the statute as it there reads governs this case.

It is well recognized that the power of an administrative board or commission is strictly limited by the statute conferring the power, that such an administrative body has only such powers as are expressly delegated to it by the legislature, and that the powers delegated will not be extended by implication. **Washington v. Public Utilities Commission, 99 Oh St 70, 72; State, ex rel. v. Pierce, 96 Oh St 44; Cincinnati v. Public Utilities Commission, 96 Oh St 270-274; Peter v. Parkinson, 83 Oh St 36, 49.**

As a corollary to this rule, such an administrative body may not, by rules, add to its delegated powers no matter how wise such rules may be or how laudable are the ends so sought to be accomplished. **State, ex rel. v. Evatt, 144 Oh St 65, 102; State, ex rel. v. Industrial Commission, 50 N. E. (2d) 680, aff'd. 142 Oh St 193; 72 C. J. S. 383.**

The rule relied upon by respondents is clearly beyond the authority delegated to them by the statute and transcends the express limitations therein set forth by the legislature. The respondents are, by the statute, granted rule making power only for (1) the coordination of streets, (2) for the proper amount of open space for traffic, circulation and utilities, and (3) for the avoidance of future congestion. The rule of respondents has no relation to any of these matters, and this is very apparent when the size of the lots in relator's plat is considered, the smallest having an area of over 10,000 square feet.

But if there could be any doubt as to the legislative intent in granting the limited rule making power to respondents, that doubt is at once disspelled when the express limitations on the power, imposed by the statute, are considered. The

statute provides that such rules shall not impose a greater minimum lot area than 3500 square feet nor any requirement as to height, bulk, location or use of buildings. The rule adopted by respondents violates the express limitations of the statute by requiring a minimum size of 50 feet by 120 feet with 6,000 square feet of area, when the statute expressly limits the power to no greater minimum than 3500 square feet. It is obvious that the area requirement is far beyond the authority of respondents and also that either the minimum width or minimum depth requirement of the rule is beyond the statutory limitation. If respondents require 120 feet of depth then, because of the statutory limitation on the minimum area, they would be required to approve lots of less than 30 feet in width; or if they require a minimum of 50 feet in width then lots of 70 feet depth must be approved. Obviously they cannot insist on both a 50 foot width and 120 foot depth; one part of the rule at least must yield. In paragraph 3 of the syllabus of State ex rel. v. Pierce, supra, the rule is announced that in the interpretation of a legislative grant of authority to an administrative board any doubt must be resolved against the grant of an assumed power  But there is no doubt in this case. The rule of respondents has no relation to any of the subject matter for which the rule making power is delegated. It has no bearing on (1) the coordination of streets, or (2) the proper amount of space for traffic, circulation and utilities, or (3) for the avoidance of future congestion. And it cannot be justified as a require· ment that will keep buildings separated, for the legislature has prohibited rules "as to height, bulk, location or use of buildings."

The rule of respondents is invalid for an additional reason. The free use of property is guaranteed by **Section 19 of Article I of the Constitution** of the State of Ohio as well as by the 14th Amendment to the Federal Constitution, and these rights can only be invaded by the police power of the state when the restriction thereof bears a substantial relationship to the public health, morals and safety. **State ex rel. v. Joseph, 139 Oh St 229; City of Youngstown v. Building Co., 112 Oh St 654, 658; Vandervort v. Sisters of Mercy, 66 Abs 290; Hardy v. Horst, 64 Abs 228.** In the Joseph case the Supreme Court at page 246 of the opinion quotes with approval the rule announced by the Supreme Court of the United States in Nectow v. Cambridge, 277 U. S. 183, as follows:

"The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and other questions

aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare."

The rule of respondents has no such relation to public health, morals and safety. Nor does the usual presumption of validity of the acts of public boards apply where, as here, the act seeks to deprive a person of the free use of his property. In such a case the burden of showing such relationship is upon the board adopting and seeking to enforce its rule. State ex rel. v. Joseph, supra, at page 246. Respondents have produced no evidence to sustain this burden.

Several other reasons have been advanced by relator as showing its right to the relief prayed for, but these will not here be considered as it follows from what has been said that the rule relied upon by respondents is beyond the authority delegated to them by the statute and is therefore void. For the reasons given the prayer of the relator's petition is granted.