WRIGHT, Plaintiff-Appellant, v. BAYOWSKI et, Defendants-Appellees.

Ohio Appeals, Seventh District, Mahoning County.

No. 3905.  Decided April 4, 1957.

Joseph E. Higley, Youngstown, for plaintiff-appellant.

Loren E. Van Brocklin, Elwyn V. Jenkins, Youngstown, for defendants-appellees.

## OPINION

By PHILLIPS, J.

On plaintiff's complaint filed with the Austintown Zoning Board of defendants' violation of the Austintown Township Zoning Ordinance the Austintown Township Zoning Inspector wrote Andrew Emil and E. Eugene Bayowski the following letter dated March 12, 1954:—

"Gentlemen:

"This is to notify you of the decision of this office regarding your place of business and possible violations incurred.  After consideration of all data presented, this office is of the opinion that:

"(1) The building on Lot No. 4 is in violation, being used as an auto repair shop.  From your statement, construction on this building was started in August 1948 and was completed in November 1948, which was after you had secured a Vendor's license and therefore not a part of the auto repair business;

"(2) The driveway on the lot lines of Lots No. 3 and No. 4, from the building on Lot No. 4 north to Radio Road is in violation, being used as a means of ingress and egress for the auto repair business, said driveway being on residential lots;

"(3) Two (2) fuel pumps and a one thousand (1000) gallon fuel tank permanently installed in February 1951 on Lot No. 3, a residential lot, were not a part of the business prior to zoning and are in violation;

"(4) All repair and maintenance on automotive equipment is to be performed at the original location of the auto repair business;

"(5) The original auto repair business may be permitted to expand 25% of the original size at the original location.

"It is requested that steps be taken to comply with the provisions of the Zoning Ordinance to eliminate the above-named violations, in order that the residential characteristics of the neighborhood be preserved, which will not be contrary to the public interest and the comprehensive plan of zoning in Austintown Township.

"To assure compliance, it is the further decision of this office that the repair of automotive equipment, at the building on Lot No. 4, be terminated upon receipt of this letter, and that repair equipment be returned to the original location of the auto repair shop, no later than March 27, 1954.

"If there is no compliance with these decisions, it shall be necessary to institute legal action to enforce the provisions of the Austintown Zoning Ordinance."

A hearing was had at the request of the defendants on July 1, 1954, on their appeal from the decision of the Austintown Township Zoning Inspector.

Thereafter on May 5, 1955, the Board of Zoning Appeals reached the following decision:—

"54-03-A-Bayowski:

"The Board considered all data, as prepared and presented, and arrived at the following decision: Motion by Johnson and second by Bokesch that the non-conforming use by Bayowski is illegal and is to be discontinued. Vote—unanimous."

Defendants did not appeal from the decision of the Austintown Board of Zoning Appeals to the court of common pleas.

Plaintiff sued defendants in the court of common pleas alleging that the uses of "said property by defendants constitute a violation of said Zoning Ordinance, and that he is without an adequate remedy at law and that the defendants should be enjoined from said violation under the provision of **Paragraph I** thereof and under §519.24 **R. C.**"; and prayed that "defendants be permanently enjoined from using said property in violation of said Zoning Ordinance, that they be permanently enjoined from continuing to use said property so as to constitute a private nuisance and that he may be awarded judgment against the defendants in the sum of ten thousand dollars."

In his amended answer to the first cause of action of plaintiff's petition defendant, Andrew Emil Bayowski, alleged that the business of repairing and overhauling automobiles, the trucking business and the

business of selling used automobiles were all in operation prior to the adopting of the zoning ordinance; that "there has been no change nor has there been any extension to said business subsequent to the adoption of said zoning ordinance on the 2nd day of November, 1948"; and denied "each and every allegation of plaintiff's first cause of action not hereinbefore admitted to be true."

In his amended answer to the second cause of action of plaintiff's petition defendant, Andrew Emil Bayowski, alleged:—

"* * * having in mind the maxims of equity, 'He who seeks equity must do equity,' and 'He who comes into equity must come with clean hands,' wishes to aver and plead the following activities of plaintiff herein:

"That plaintiff at the time of the filing of his petition herein kept three dogs in a pen on his property, which dogs were extremely noisy, day and night.

"That plaintiff at the time of filing his petition herein kept one horse on his property.

"That plaintiff and others at his direction frequently and often on Sundays, discharged firearms and permitted the discharge of firearms on plaintiff's property to the annoyance and danger of defendant and other immediate residents of the neighborhood.

"That for a period of approximately six months during the year 1955 plaintiff had a large oil drum or similar metal container set up on his property and at odd and unreasonable hours would go out and drum upon said oil drum, producing a loud and annoying noise, at unreasonable hours of the day and night.

"That during that said period, to-wit, the year 1955 and for approximately six months, plaintiff set up some sort of mechanical contrivance operated by power which would cause a hacksaw or something bearing teeth such as a hacksaw to produce loud shrieking noises, which noises plaintiff would cause to be produced at unreasonable hours of the day and night, all to the annoyance of defendant herein.

"That Sunday afternoons all during the times referred to herein and presently, plaintiff permits his son and a group of friends of his son who are members of a group who follow what is commonly known as 'hot-rodding' to operate their automobiles in and about plaintiff's property. That said automobiles have special exhaust pipes which make their exhaust noises louder than normal; that on many Sunday afternoons the plaintiff's son and three or four of his friends will be working on three or four automobiles on or about the premises of plaintiff and that plaintiff's son and members of his group conduct automobile races up and down Rockwell Road and streets of the near vicinicy, all to the annoyance of defendant herein.

"That plaintiff has on several occasions threatened to kill the son of defendant herein and one Terry Sutton, a minor friend of defendant's son.

"All of which said acts of plaintiff constituted and do constitute a nuisance.

"Further answering, defendant denies each and every allegation of

plaintiff's second cause of action not hereinbefore specifically admitted to be true.

"Wherefore, having fully answered, defendant prays that the petition of plaintiff be dismissed and that he be permitted to go hence with his costs."

Defendant, E. Eugene Bayowski's amended answer is in substance the same as defendant, Andrew Emil Bayowski, except that it alleges:—

"That plaintiff and various acquaintances and associates of plaintiff, on many frequent occasions, congregate on plaintiff's property and practice whip-cracking with a large bull whip, which cracking noise is loud and constitutes a disturbance to the peaceful enjoyment of defendant's property and constitutes an annoyance to defendant.

"That plaintiff at the time of the filing of his petition maintained a septic tank upon his property, which septic tank drained into and upon the property owned by the defendants herein, creating a foul and annoying odor, all of which constituted an annoyance to defendant."

Plaintiff alleged in his reply as follows:—

"Now comes the plaintiff, and in reply to the defendant's first cause of action says, that under date of July 1, 1954, a hearing was held by the Austintown Board of Zoning Appeals on an appeal of Andrew Emil and E. Eugene Bayowski (defendants herein) from a decision of the Austintown Zoning Inspector regarding compliance with the Austintown Zoning Ordinance pertaining to a non-conforming use at appellant's address.

"That a copy of the minutes of said hearing before the Austintown Zoning Board of Appeals is herewith attached marked Plaintiff's Exhibit A, and made a part of the plaintiff's reply as though fully rewritten herein.

"That plaintiff further alleges, that under date of May 5, 1955, the following entry was made by the Austintown Zoning Board of Appeals.

"'Motion by Johnson, seconded by Bokesch that the non-conforming use by Bayowski is illegal and is to be discontinued.'

"The plaintiff replying to the defendant's second cause of action, alleges that the allegations, statements and averments as therein set forth are irrelevant, redundant and immaterial to the legal issues, and does not constitute a defense to the claims set forth in the plaintiff's petition.

"Wherefore, plaintiff prays that judgment be entered upon the pleadings, that the defendant Andrew E. Bayowski and E. Eugene Bayowski be permanently enjoined from using their property in violation of the Austintown Zoning Ordinance, that they be permanently enjoined from continuing to use said property so as to constitute a private nuisance and that he may be awarded judgment against the defendants in the sum of ten thousand dollars, together with his costs."

The trial judge entered the following entry on his journal:—

"This cause came on to be heard upon the petition of plaintiff, the answers of defendants, and the reply of plaintiff, and the court, upon consideration of the pleadings, evidence submitted, briefs of counsel and arguments to the court finds as follows: that all parties are proper

parties; that all such parties are properly before this court; and that the order of May 5, 1955 by the Austintown Board of Zoning Appeals is void. Decree accordingly to defendants. Judgment for defendants against plaintiff for costs. Motion for new trial overruled. Exceptions."

Plaintiff appealed on questions of law from the judgment of the trial judge entered upon his finding, and assigns the following grounds of error:—

"1. The trial court erred in granting judgment to the defendants.

"2. The judgment of the trial court is contrary to law.

"3. The trial court committed prejudicial error in admitting evidence as to the jurisdiction of the Austintown Township Board of Zoning Appeals.

"4. The trial court committed prejudicial error in failing to render judgment for the plaintiff in accordance with §519.24 R. C."

Plaintiff argues vigorously that "the trial court committed prejudicial error in admitting evidence as to the jurisdiction of the Austintown Township Board of Zoning Appeals," and contends:—

"The trial court committed prejudicial error in permitting any evidence as to the actions, jurisdiction, or any matters pertaining to the decision of the Austintown Board of Zoning Appeals. * * *.

"That having submitted to the trial court the Zoning Ordinance (Plaintiff's Ex. No. 1), the records (Plaintiff's Ex. No. 4) and the decision of the Austintown Board of Appeals (Plaintiff's Ex. No. 5), finding the defendants in violation, that the plaintiff had submitted a prima facie case for an injunction and equitable relief. However, the trial court took a contrary view, and permitted evidence as to any and all matters relating to the complaint, the hearing, as well as the decision of the Austintown Zoning Inspector and the Board of Appeals."

Sec. 519.24 R. C., provides:—

"In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of §§519.02 to 519.25, inclusive, R. C., or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use."

Further plaintiff contends:—

"That under and by virtue of the provisions of §519.24 R. C., that as an adjoining property owner, and, who was specifically damaged by the defendants' zoning violation, had a right to enjoin the said defendants from maintaining a nuisance, and be perpetually enjoined from future violations of the Austintown Zoning Ordinance.

"* * * the failure of the defendants to take an appeal from the decision of the Austintown Board of Zoning Appeals within 10 days

following the decision of May 5, 1955, makes the decision of the Austintown Board of Appeals final; that the defendants had their day in court; that they are not permitted in an injunction proceeding, instituted by an adjacent property owner, to question the validity and jurisdiction of the Austintown Board of Appeals; any and all complaints against the decision could have been fully litigated in an appeal authorized by law from a decision of the Austintown Board of Appeals."

Defendants contend:—

"At the outset these appellees would like to point out to the court that this is not an action involved wherein parties are a Board of County Commissioners, the Board of Zoning Appeals or any other political or advisory board or Commission set up to see to the operation of any statutes of Ohio. This action is brought by an 'adjacent or neighboring property owner,' who in an equity action seeks the leave afforded by injunction and to recover damages for a violation of zoning law. Declarant is aware that the merits of the proceedings before the Zoning Commission and the Board of Zoning Appeals have no standing in the matter now before this Court. It is urged, however, as was urged in lower court, that the action of the Board of Zoning Appeals was invalid and a nullity because of the manner in which the so called hearing before the Board of Zoning Commission was conducted."

After full argument in support of their judgment by summary conclusion in their brief defendants contend:—

"That the mandatory proceedings for Township Board of Zoning Appeals were not carried out; that meetings held purporting to follow these proceedings were not in compliance with statute; and that the proceedings were a nullity; that defendant-appellees were not afforded the rights given to them by the law; and that they, therefore, were deprived of their constitutional rights.

"We say, therefore, that because of the nature of these proceedings no valid order of the Board of Zoning Appeals was ever obtained, which order would give plaintiff-appellant any right or standing to prosecute equity or damage actions on the basis of §519.24 R. C."

The evidence convinces us that Austintown Township Board of Zoning Appeals did not act in conformity with the statutes, and accordingly their acts were illegal and of no effect, were a nullity and void.

In our opinion counsel for defendants by brief have summarized admirably the respects in which such Board of Zoning Appeals failed to comply with the statutory requirements, which we adopt as part of the factual statement of this opinion, and which summarization is as follows:—

"1. Three members of the first panel heard and considered the case.

"2. The minutes of this meeting were signed but not attested to and no decision was reached.

"3. On May 5th, 1955, a public hearing was called on another matter

"4. In the meantime, the membership of the Board had almost entirely changed. Two members of the original panel plus one absent member of the original panel, plus two new members met at this May 5th hearing.

"5. The zoning inspector and clerk was not present at the May 5th meeting.

"6. Four parties turned up who, the minutes and notes of the secretary showed, were opposed to the position of the defendants here.

"7. No notice of hearing was given the defendants.

"8. No facts on which the conclusion of the Board were based and no findings of law were entered into the minutes.

"9. At least ten months time had elapsed since the original consideration by the first board.

"10. The defendants' matter was, in the acting secretary's own notes, called a 'rehearing.'

"11. These notes and minutes were never signed.

"12. The notes in the acting secretary's own handwriting show 'proceeded to a discussion of the two appeals presented.'"

There is evidence by way of Defendants' Exhibit 1 of the following notation by Board Secretary, John Sirbu, concerning the gathering on May 5, 1955, as follows:—

"All necessary records for the meeting are on my desk. I would appreciate it if someone would take minutes of the public hearing, so they can be properly recorded."

The Board of Zoning Appeals is a creature of Statute and accordingly must act in strict conformity with statutory provisions. See 42 American Jurisprudence, Public Administrative Law, Sections 26 and 28, pages 316 and 320; United States, ex rel. Kansas City Southern Railway Company v. Interstate Commerce Commission, 252 United States Reports 178; and §519.15 R. C.

In 42 American Jurisprudence, Section 99, Page 429, it is said:—

"* * * It is a wholesome and necessary principle that an administrative agency must pursue the procedure and rules enjoined upon it by the statute creating it, and show a substantial compliance therewith, to give validity to its action."

See 42 American Jurisprudence, Section 109, Page 440, where it is said:—

"* * * Without jurisdiction, their acts are void and open to collateral attack. * * * If the provisions of the statutes are not met and complied with, they have no jurisdiction."

In 42 American Jurisprudence, Section 116, page 451, it is stated:—

"* * * The inexorable safeguard which the due process clause assures in the exercise of a judicial or quasi-judicial power is that the trier of the facts shall be an impartial tribunal legally constituted to determine the right involved; that no finding shall be made except upon due notice and opportunity to be heard; that the procedure at the hearing shall be consistent with the essentials of a fair trial; and that it shall be conducted in such a way that there will be opportunity for a court to determine whether the applicable rules of law and procedure were observed."

See also **DiCillo & Sons, Inc. v. Chester Zoning Board of Appeals,** 59 Abs 513; **Hardy v. Horst,** 64 Abs 228; **State, ex rel Kahler-Ellis Company v. Cline,** 69 Abs 305, syllabus 5 and 8; **State, ex rel. v. Morris,** 80 **Oh Ap 135;** and **Randolph v. First Baptist Church,** 68 Abs 100.

Now as to whether the Board of Zoning Appeals was legally consti-

tuted to consider the evidence submitted to it we refer to Buchsbaum & Co. v. Federal Trade Commission, 153 Federal (2nd) 85, where it is said:—

"Where trial examiner appointed to hear evidence on complaint charging petitioner with unfair trade practices died before hearing was completed, and substituted trial examiner based his report upon the evidence taken before the original examiner and on additional evidence, denial of petitioner's motion for trial de novo and to strike the evidence taken before original examiner was erroneous as a violation of rule of confrontation, amounting to a lack of due process to which petitioner was entitled."

Having considered all the evidence submitted to the trial court and the record made there, the grounds of error assigned by plaintiff, which have been stated together with the contentions of the parties fully, and reviewed the law applicable thereto, without separately and in more detail disposing of each assigned ground of error we conclude that the judgment of the trial court must be and is affirmed hereby.

NICHOLS, PJ, concurs.
GRIFFITH, J, concurs in judgment.