No. 17,545.

## STATE, EX REL. ROBERTS, *v.* BEVER.

MANDAMUS.—*When Awarded.*—Mandamus will be awarded only where there is a clear, specific, legal right to be enforced, and such right is clearly established.

SAME.—*To Compel Surveyor to Inspect and Issue Certificate of Acceptance.*—*Public Ditch.*—Mandamus will issue in a proper case to compel performance by the surveyor appointed to superintend the construction of a public ditch, of the duties enjoined upon him by section 4305, R. S. 1894, providing that upon being notified by a contractor that his job is completed such surveyor shall inspect the same and issue a certificate of acceptance to the contractor, if he finds that it is completed according to the specifications.

From the Fountain Circuit Court.

*Lindley & Lewis*, for appellant.

*F. Boord*, for appellee.

JORDAN, J.—The relator, Jasper Roberts, petitioned the lower court for a writ of mandate against the appellee.

The petition alleges that a certain public ditch, denominated as "The Chizum Ditch," was laid out and constructed in pursuance of an order of the board of commissioners of the county of Fountain; that the appellee was appointed by said commissioners as the surveyor and engineer to superintend the laying out and construction of the ditch in question; that at a public sale on September 24, 1892, held by the auditor of said county, the relator bid off and agreed to construct ten shares, or allotments, of said proposed work for the sum of $3,383.50, and entered into a contract with the auditor for the construction of the ditch in accordance with the terms given, and required and also executed a bond for the faithful performance of his contract. It is further alleged that he has completed the work in all things, in accordance with the specifications, and that certificates are due him on his contract to the amount of $861.70; that he has performed, upon his part, all the conditions of the contract, and has demanded of the defendant that he issue and file with said auditor the certificates in controversy, which he refuses to do. Appellee appeared in response to the alternative writ and made a return thereto by a denial, and also set up in a second paragraph of his answer affirmative facts, and thereupon issues were joined between the parties.

In the second paragraph of his answer, appellee alleged that the relator had contracted to complete his work within a specified time; that estimates and certificates were given to him from time to time as fast as the work done would warrant; that the time for the construction of the work by the relator, under his contract, expired before the said work was completed; that the time for the completion of the same was extended sixty days by the auditor of said county;

that relator still failed to complete his said work within the said extension, and said auditor notified the relator that the time for the completion of the ditch had expired, and that the work thereon must stop, and that he would receive no more estimates or certificates for work; that estimates and certificates have been made and delivered to the relator to an amount exceeding the work done by him on the ditch, and that he had been fully paid for all of the work done by him on the ditch.

The matters in issue were submitted to the court, and upon hearing the evidence the relator's right to a peremptory writ of *mandamus* was denied, and judgment rendered against him for costs. The only questions presented and argued by counsel for appellant are those arising out of the overruling of the motion for a new trial. These, in the main, are, that the judgment is not sustained by the evidence; that it is contrary to both the evidence and the law.

The merits of this appeal may be disposed of by a consideration of the evidence which is in the record by a bill of exceptions. In the determination of the case upon the propositions raised by the parties respectively, it is necessary to refer to the statute and the rules of law controlling in *mandamus* proceedings.

Section 4303, R. S. 1881, section 5673, R. S. 1894, of the law relative to the construction of drains like the one in question, provides for the letting of a contract at a public sale for the construction of a drain, and requires the auditor to contract with the party to whom the allotment is sold, requiring him to construct such share or allotment in the manner set forth in the report of the viewers or reviewers, and within such time as the auditor may fix, not exceeding ninety days from the day of sale.

Section 5674, R. S. 1894, section 4004, R. S. 1881, provides that the auditor may, for good cause, grant further time to a contractor to complete his job, not exceeding sixty days.

Section 5675, R. S. 1894 (sec. 4305, R. S. 1881), provides that it shall be the duty of the surveyor, on being notified by a contractor that his job is completed, to inspect the same, and if he finds that it is completed according to the specifications, etc., give to the contractor a certificate of acceptance, stating that fact, and in addition stating the amount due to him from the owner of the land, which certificate shall be a lien upon the land assessed, and such officer is further required to file a copy of this certificate with the auditor, who shall charge the amount against the land to be collected as other taxes.

Under the decisions of this court an action will not lie in favor of the contractor against the land-owner for the amount due the latter as expressed in the certificate executed to him by the surveyor, for the reason that the statute provides that the auditor shall charge the amount mentioned in the copy of the certificate filed in his office, on the tax duplicate against the land assessed, to be collected as other taxes are collected. *Storms* v. *Stevens*, 104 Ind. 46; *Lockwood* v. *Ferguson*, 105 Ind. 380.

This being true, and as the surveyor is charged to inspect the work, and if he finds it properly completed as provided, to accept the same and execute to the contractor the required certificate, and file a copy thereof with the auditor, it becomes an official duty enjoined upon him by law, and it is therefore evident, that under a sufficient showing, when the officer refuses to discharge it, he may be coerced to perform it by a writ of mandate, otherwise the contractor would be virtually

without a remedy to obtain the money for the services rendered.

This remedy, although partaking of the attributes of a civil action, is nevertheless regarded as one of extraordinary character, and the rule is therefore thoroughly established and recognized by the courts, that the writ will only be awarded where there is a clear specific legal right to be enforced, which right, however, must be clearly established, as this writ is never granted in doubtful cases. *Burnsville Turnp. Co.* v. *State, ex rel.,* 119 Ind. 382 (3 L. R. A. 265), and authorities there cited. *State, ex rel.,* v. *Bonnell,* 119 Ind. 494.

The evidence in the record tends to establish that the relator bid off and entered into a contract with the auditor to construct ten allotments of the drain in controversy for $3,383.50. The work performed by him was upon seven of these shares, which, as he claimed, had been completed, and that the amount for his work thereon was $2,333.50, and that there was still due him of that sum $861.70. There is evidence further tending to show that at the time he commenced this action he had received in certificates issued to him by the appellee and by money advanced, a sum in excess of $2,333.50. It also appears that he failed to complete his job within the time provided in the contract, and an extension of sixty days was given to him by the auditor, at the end of which time, the work being unfinished, the auditor notified him to stop work, as no more certificates would be issued to him. The relator, it appears, contracted to construct ten allotments, and the written contract provided in effect, that when the entire work was completed as prescribed by law and the specifications, then he should have a full estimate on all work. The evidence does not show that the relator completed the work undertaken by him within the terms of the contract.

In fact there is evidence of witnesses introduced upon the part of the appellee, showing that the relator had not completed, as claimed by him, the seven allotments in question, in this, that he had failed or neglected to throw back the dirt from the bank of the ditch to the distance named in the specifications. In any view of the case, under the evidence, the judgment of the trial court is correct. Other points are raised and argued by the learned counsel for appellant, upon intervening rulings of the court, but under our view of the evidence they could exert no effect upon the ultimate judgment, and must be considered as harmless.

Judgment affirmed.

Filed October 30, 1885 ; petition for rehearing overruled January 24, 1896.