THE STATE, EX REL. FADLEY, DRAINAGE COMMISSIONER,
*v.* BOARD OF COMMISSIONERS OF HENRY
COUNTY, ET AL.

[No. 19,541. Filed June 4, 1901.]

MANDAMUS.— *Dredging of Water Course.— Removal of Bridges by County Commissioners.*—Mandamus will not lie, at the suit of the drainage commissioner, against the county commissioners and township trustees to compel them, at public expense, to remove iron bridges over a water course in the county, in order that the contractor appointed by the drainage commissioner to construct the ditch may proceed with the work, though the necessary dredging machines can neither pass under nor around the bridges.

From Henry Circuit Court; *W. O. Barnard,* Judge.

Mandamus by the State on the relation of the drainage commissioner of Henry county, against the board of commissioners of Henry county. From a judgment for defendants, relator appeals. *Affirmed.*

*Adolph Rogers,* for appellant.
*M. E. Forkner* and *G. D. Forkner,* for appellees.

JORDAN, J.—Petition by the State on the relation of Henry Fadley, commissioner of drainage of Henry county, Indiana, for a writ of mandamus to compel the board of commissioners and certain township trustees, appellees herein, to remove iron bridges which had been constructed over Blue river, a water course in said county. The defendants recovered judgment on their separate demurrers to the petition. From this judgment the relator appeals, and his sole contention is that under the facts alleged in the petition he is entitled to be awarded a writ of mandamus against appellees for the purpose above mentioned.

The following facts, among others, are averred in the petition: In September, 1899, certain resident freeholders of Henry county, Indiana, petitioned the circuit court of that county to establish a public ditch under and in pursu-

ance of §§5623, 5624, *et seq*. Burns 1894. Such proceedings were had in said cause that the matter involved was, as provided by the statute, referred to the commissioner of drainage, the relator herein, who, together with the county surveyor and a certain other disinterested and reputable freeholder of that county, appointed by the court as a third commissioner, made a personal inspection of the lands described in the drainage petition, and also of other lands likely to be affected by the construction of the proposed drain, and thereupon said commissioners made a favorable report to the court and therein assessed benefits to each separate tract of land and also against the roads of railroad companies and against certain free gravel roads and public highways. Said report, together with the assessments of benefits of the lands and easements as therein provided, was approved and confirmed by the court, and the ditch was ordered to be established and constructed as located and provided in the report of the commissioners. The course or route of said improvement as located extends for a distance of more than fifteen miles along and in the channel of Blue river, which is alleged to be an ancient water course and non-navigable stream flowing through Henry county. It further appears that some three separate gravel roads which are free public highways, together with some fourteen other public roads, were each separately assessed as benefited by the construction of the proposed drain. As a part of the aforesaid highways and roads certain iron bridges had been constructed by the board of commissioners of that county in conjunction with certain township trustees. On the 20th day of July, 1900, the relator herein, as such drainage commissioner in said proceeding, entered into a written contract with one Boyer for the construction of said drain as established by the court's order. Under this contract, it is disclosed that the relator, as such commissioner, expressly relieved the contractor from any and all expenses and duty

of removing the bridges in question. It is further alleged that the drainage of said river can only be accomplished by means of a dredging machine placed on a boat to be floated on the river, and that it will be impossible for any dredging machine suitable and necessary to perform the work of dredging in said stream to pass under or around any of said bridges. It is averred that the contractor is ready with his boat and dredging machine to begin work in said river, and, in order for him to construct the ditch as established by the court, it is necessary that the aforesaid bridges spanning said river, and connected as parts of said public highways, be removed, in order to allow the boat and dredging machine to move down the stream and excavate therein according to the plans and specifications relating to the construction of the ditch. It is alleged that the relator has demanded of the defendants that they and each of them at once proceed to remove said bridges in order that the contractor may proceed in the construction of the improvement in question, all of which they each refuse to do. The prayer of the petition is that the court compel the defendants by mandate to comply with the relator's demand.

The question presented is: Are the facts as stated in the petition sufficient to authorize the court, at the instance of the relator, to coerce by mandate the board of commissioners, or any of said township trustees, to remove, at the expense of the public, the bridges in dispute, in order to enable the contractor to proceed in the construction of the ditch as established by the court under the statute mentioned.

Section 1182 Burns 1894, §1168 Horner 1897, which is a part of the civil code pertaining to writs of mandate, provides: "Writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust, or station." We are not aware of any statute which, under the circumstances in this case, either expressly or impliedly makes it the official duty of

any of the appellees to remove the bridges in controversy, upon the demand of the relator. It can not in reason be asserted that because some of the respective duties enjoined upon the appellees pertain to public highways, that, therefore, the duty of removing the bridges in dispute must necessarily result from the official positions which they occupy. It is true that it has been held under the decisions of this court that the board of county commissioners may be compelled by mandate to repair a bridge which is a part of or essential to a public highway when such bridge has become dangerous, and also may be compelled to rebuild one connected with a public highway when it has been destroyed. *Board, etc.,* v. *State, ex rel.,* 113 Ind. 179, and cases there cited. But the rule as declared in the case mentioned has no application whatever under the facts in this appeal.

The statute by the authority of which the drain in question was ordered to be constructed fixes the duty and declares the powers of the commissioner of drainage, and it must be apparent that the relator as such commissioner is not shown, under the law when applied to the facts in this case, to possess such authority as will permit him to maintain this action. After giving the required notice, the drainage commissioner is by the statute authorized to let the construction of the ditch to the lowest and best bidder. §5626 Burns 1894. In this case, however, for some reason, it appears it was stipulated in the contract that the contractor should be relieved of the expenses and duty of removing these bridges. But conceding, without deciding, that the relator had the authority to embrace such a stipulation in the contract, he certainly by so doing could not cast the burden or duty upon appellees, or either of them, of removing the bridges at the expense of the public. The mere fact that the highways of which the bridges were essential parts may have been assessed with benefits in the drainage proceedings would not make it the duty of appellees, or any of them, to remove these bridges. If their removal became necessary in order to

enable the contractor successfully to carry out his contract, it certainly was no more the duty of the board of commissioners or township trustees to incur the expense of their removal than it would have been to cause the removal of trees or other obstructions along the course or route of the proposed drain. Counsel for appellant relies, in support of his contention, upon the decision of this court in the case of *Lake Erie, etc., R. Co.* v. *Cluggish,* 143 Ind. 347. In that case the commissioner of drainage, together with the contractor, sought to enjoin the railroad company from interfering with or preventing them from removing a bent supporting a bridge belonging to the railroad company. It was not contended in that appeal that the company should remove the bent and open the bridge at its own expense in order to accommodate the contractor in dredging in or along the stream spanned by the railroad bridge. No question of that character was presented or decided in that cause. The claim of the drainage commissioner and the contractor was that they had the right in the construction of the drain to go through the bridge, and whatever damages resulted therefrom to the railroad company must be considered as satisfied by reason of a certain reduction which had been made in the amount of benefits assessed against the company in the proceedings to establish the ditch. The question presented and decided on the facts in that appeal and the one here involved are materially different, and consequently that decision lends no support to appellant's contention.

The petition does not state a cause of action against appellees, or either of them, therefore the demurrer of each was properly sustained.

Judgment affirmed.