**STATE ex CASTLE NATIONAL INC., et, Relators-Appellees, v WICKLIFFE (Village) et al, Respondents-Appellants.**

Ohio Appeals, Seventh District, Lake County.

No. 449.   Decided March 4, 1947.

Blakely & Blakely, Painesville, for relators-appellees.
Walter I. Krewson, Cleveland, for respondents-appellants.

## OPINION

By PHILLIPS, J.

Relators filed an action in mandamus in the court of common pleas to compel respondents to issue to them a certificate of compliance and permit to erect and operate an outdoor drive-in moving picture theatre on Craneing Road in respondent village of Wickliffe.

The trial judge found for relators and ordered "that the writ issue" as prayed for.

Respondents appealed to this court on questions of law and fact from the order and judgment of the trial court. The case was not appealed on questions of law and fact properly. Accordingly relators' motion to dismiss respondents' appeal as such was sustained. The words "and fact" were stricken from respondents' notice of appeal and the appeal was retained, submitted and will be disposed of as one on questions of law.

In accordance with the terms of an agreement between Realty Service, Inc., and relator Castle National, Inc., dated December 30, 1943, relators Crampton, Fisher and Renaud took title to such land on February 7, 1945, assumed the obligations imposed by the terms of the contract of December 30, 1943, and bound themselves to lease it to relator Castle National, Inc., upon the condition, among others, that such certificate and permit be obtained.

By the provisions of respondent village Ordinance Number 1931-90, passed in 1931, the southerly part of such land was then zoned for business uses, on which when relators first applied for such certificate and permit in June, 1944, ("which was refused and thereafter not pressed") and later on May 14, 1945, when relators' application under consideration was filed, the erection of a "restaurant, theatre, moving picture show, police station" and building to house other businesses was permitted; and the northerly part of such land was then zoned for commercial and industrial uses, which zoning permitted the use of the northerly portion for the purposes intended by relators.

Subsequent to the filing of the first application for certificate of compliance and permit, residents on Craneing Road petitioned Council of respondent village to rezone Craneing Road for residential use and to refer their petition to the Zoning and Planning Commission thereof for consideration. However their petition did not comply with the provisions of Section 44 of the original ordinance requiring the signatures of petitioners be acknowledged, which is one of the reasons for arriving at the conclusion we reach in this case.

The Planning and Zoning Commission of respondent village recommended to the Council thereof that Craneing Road be rezoned for residential use for its entire length. Subsequent to the receipt of such recommendation Council passed Ordinance Number 1944-24, "entitled an ordinance to supplement Ordinance Number 1931-90", without submitting the proposed ordinance to the Zoning and Planning Commission for consideration, and rezoned land not described or requested to be rezoned in the petition.

Pending refusal, on August 28, 1945, by the Mayor of respondent village, acting for and on behalf of the building inspector thereof, to issue such certificate and permit on the ground "that it appeared to conflict with the zoning laws of the village", and the decision of the Board of Zoning Appeals thereof, announced September 21, 1945, affirming the finding of the Mayor, of which refusal relators were advised on October 4, 1945, respondent village on June 25, 1945, passed Ordinance Number 1945-23, entitled "An ordinance Amending Section 7, Class U-3 Uses and Section 9 Class U-5 Uses", notice of hearing upon which was published once in a newspaper of general circulation in Lake County. That ordinance provided that the provision for the stated uses of the southerly portion of such land be stricken therefrom and "inserting in lieu thereof" that it could be used for the erection of a "restaurant,

indoor theatre, indoor moving picture show, police station", and certain other business purposes.

The trial judge sustained in part respondents' motion to strike from relators' petition allegations relating to Ordinance Number 1944-24 on the ground that the action in mandamus was predicated on the application filed May 16, 1945, only. However by leave of court granted during trial respondents amended their answer by setting up Ordinance Number 1944-24, and the case proceeded to trial in the court of common pleas upon the amended petition of the relators, the amended answer of respondents, and relators' reply thereto. Upon trial the judge of the court of common pleas summarized relators' contention, which summary their counsel agreed was correct, and which they urge in this court, in these words:—

"The Court: Your first contention, legislative intent; second, the ordinance not having been passed was not in effect; third, if it was effective it was unconstitutional."

Elsewhere in the bill of exceptions the trial judge indicated that when he referred to the constitutionality of the ordinance he was referring to "the constitutionality of the amendment" thereto sought to be made by Ordinance Number 1945-23.

The trial judge found that Ordinance Number 1944-24 was invalid because Council of respondent village did not submit that ordinance to the Planning and Zoning Commission thereof for consideration, but passed it only after submission of a petition to it; and on the further ground that it attempted to amend Ordinance Number 1931-90 by enacting a supplemental section rather than by an actual amendment.

The trial judge further found that Ordinance Number 1944-24 supplemented Ordinance Number 1931-90, which accordingly was ineffective and invalid; and that Section 1945-23 was invalid because it was not enacted in accordance with the provisions of §4226 GC, and further that both ordinances were invalid because proper publication and notice of public hearings were not made before Council of respondent village had introduced Ordinances Numbers 1944-24 and 1945-23.

Respondents urge that the trial judge erred to their prejudice in those findings, and in granting the prayer of relators' petition that a writ of mandamus issue because mandamus was not the proper remedy, and contend that relators, application for certificate of compliance and permit to erect and

operate such outdoor drive-in moving picture theatre did not conform with the provisions of Ordinance Number 1931-90 as amended by Ordinances Numbers 1944-24 and 1945-23, nor with the legislative intent of Ordinance Number 1931-90.

Respondent Mayor admitted, on trial in the court of common pleas, that Ordinances Numbers 1944-24 and 1945-23 were passed for the purpose of preventing respondents erecting an outdoor drive-in moving picture theatre on Craneing Road in the Village of Wickliffe. However, as suggested by the trial judge in his opinion "the amendment attempted by Ordinance Number 1945-23", "passed in a deliberate effort to prevent" the erection of such a theatre, "would not in and of itself render the amendment invalid", for the reason that it is the right and duty of council of respondent village to zone such village to best serve the interests and preserve the health of the citizens thereof and others providing, of course, that in so doing it does not abuse its discretionary power.

Even though Ordinance Number 1931-90 was duly amended by the passage of Ordinance Number 1945-23, still its provisions as amended, if then valid, would not apply to relators' application filed prior to and pending at the time of the passage and effective date of Ordinance Number 1945-23 for the reason that "a municipal council may not, by the enactment of an emergency ordinance, give retroactive effect to a pending zoning ordinance thus depriving a property owner of his right to a building permit in accordance with a zoning ordinance in effect at the time of the application of such permit." See **The State, ex rel. The Fairmount Center Co., Appellant, v Arnold, Director of Service and Inspector of Buildings, Appellee, 138 Oh St, 259.** In that case the supreme court held that the action of council as stated therein deprived relator of its property rights without due process of law in violation of the Constitution of Ohio.

While Ordinance Number 1944-24 attempted to rezone certain lots on Craneing Road and a strip of ground at the rear thereof for residential use, a portion of which road prior thereto was zoned for commercial and part industrial use, and a portion of which strip belonged to relator owners, the trial judge did not pass upon the question whether the inclusion thereof in the attempted rezoning amounted to such an abuse of discretion as to render it unconstitutional. Since respondents do not claim that the trial judge erred prejudicially to them in failing so to do, like the trial court, this court does not pass upon that question.

From the evidence before us we conclude that Council of relator village of Wickliffe did not comply with the pro-

534

visions of §4366-11 GC, with reference to the attempted amendment of its Ordinance Number 1931-90, nor with the provisions of §4226 GC, that:—

"* * * No by-law or ordinance, or section thereof, shall be revived or amended, unless the new by-law or ordinance contains the entire by-law or ordinance, or section revived or amended, and the by-law or ordinance, section or sections so amended shall be repealed. Each such by-law, resolution and ordinance shall be adopted or passed by a separate vote of the council and the yeas and nays shall be entered upon the journal."

We further conclude that Council of relator village of Wickliffe did not comply with the provision of §§4228 and 4229 GC, governing publication of notice of public hearings to be held on the ordinances proposed to be enacted and amended, which cited sections of the General Code in our opinion are not in conflict; nor with Ordinance Number 1931-90 with reference to the passage of Ordinances Numbers 1944-24 and 1945-23.

Further, we are of opinion that the conclusion of the trial judge that an action in mandamus was proper and that Ordinances Numbers 1944-24 and 1945-23 are ineffective and invalid is correct.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.