People of State of Illinois ex rel. Jackson and Morris, Inc., Appellee, v. Ben G. Smuczynski, Village President of Village of Phoenix, a Municipal Corporation, John Falica, Village Clerk et al., Appellants.

**Gen. No. 45,348.**

Opinion filed November 21, 1951. Released for publication December 6, 1951.

ROMAN E. POSANSKI, of Chicago, for appellants; CHARLES D. SNEWIND, of Chicago, of counsel.

O. I. LEWIS, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendants appeal from an order of the circuit court awarding a writ of mandamus, directing them to approve a plat of a subdivision of land, owned by plaintiff, situated in the Village of Phoenix, a municipal corporation. The cause was tried by the court, without a jury, upon a stipulation of facts. The only question presented upon this appeal is the proper construction of the applicable statutes.

Plaintiff, the owner of the land in question, presented to defendants, as officers and trustees of the Village, the plat in question for approval, it admittedly conforming to the statutes. The only basis urged by defendants for refusal to approve the plat is that they have no legal obligation to do so under any ordinance or statutes involved. The pertinent sections of the statutes in question are as follows. Article 1, par. 1-7,

of the Cities and Villages Act (ch. 24, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 21.1117]) provides:

"The corporate authorities have the power to provide, by ordinance, that any map, plat, or subdivision of any block, lot, sub-lot, or part thereof, or of any piece or parcel of land, shall be submitted to the corporate authorities, or to some officer to be designated by them, for their or his approval. In that case no such map, plat, or subdivision shall be entitled to record in the proper county, or have any validity until it has been so approved."

Section 53–1 [Jones Ill. Stats. Ann. 21.1934] of the same Act confers authority upon the municipality to create a plan or zoning commission.

Section 53–3 [Jones Ill. Stats. Ann. 21.1936] provides:

"No map or plat of any subdivision presented for record, affecting land (1) within the corporate limits of any municipality which has adopted heretofore or shall adopt hereafter an official plan in the manner prescribed in this article, or (2) within contiguous territory which is not more than one and one-half miles beyond the corporate limits of an adopting municipality, and not included in any municipality, shall be entitled to record or shall be valid unless the subdivision shown thereon provides for streets, alleys, and public grounds in conformity with the applicable requirements of the official plan."

Section 13 of Chapter 115, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 116.14], provides:

"No recorder shall record any map, plat or sub-division of land situated in any incorporated city, town or village, nor within one and one-half (1½) miles of the corporate limits of any incorporated city, town or village which has adopted a city plan and is exercising

the special powers authorized by Section 53–1 to 53–3 inclusive of 'An Act concerning cities, villages, and incorporated towns, and to repeal certain Acts herein named', approved August 15, 1941; as amended, and not included in any municipality unless the map, plat or sub-division is under the seal of the county surveyor or a registered Illinois land surveyor and unless it is entitled to record as provided in Sections 1–7 and 53–3 of 'An Act concerning cities, villages, and incorporated towns, and to repeal certain Acts herein named' approved August 15, 1941, . . . . ''

For each violation of this section, a penalty of $200 is imposed upon the recorder.

It was stipulated that the Village had no ordinance in force requiring the submission of any plat of a subdivision to the Village for approval, and at the time the plat in question was presented, had not, by any ordinance, created any plan commission or zoning commission, pursuant to the authority in the cited sections of the Cities and Villages Act.

■■ Can the Village, by its failure to adopt ordinances authorized by the sections of the statutes in question, refuse to approve a plat of a subdivision of land within the Village, which in all respects complies with the statutes, and thus place the owner of the property in the dilemma of being unable to record it, because of the penal statute quoted, which prohibits the recorder from recording such a plat until first approved by the Village? We think not. These statutes should be read together in arriving at the intention of the legislature and liberally construed in determining the question here presented.

In *People ex rel. Tilden v. Massieon,* 200 Ill. App. 86, 94, where, too, there was lacking an ordinance of the character referred to, and the petitioner presented

a plat for approval, the court, in awarding a writ of mandamus, said:

"The provision in the Cities and Villages Act, requiring approval of the plat by the municipal authorities, closes with a provision that the plat shall not be entitled to record or have any validity until it shall have been approved 'in such cases,' that is, in cases where the city has provided by ordinance for submission of the plat, and appellee calls our attention to that feature of the statute and suggests that the plat might be recorded in this case because the city had not made any provision for submission. There would be room for this contention but for the imperative provision in the Recorders Act that the plat shall not be recorded until it has been approved by the legislative authority of the city. With that provision in view, it seems clear that an owner cannot make and record a plat of his land without the approval of the city authorities."

In affirming the decision of the Appellate Court ([People ex rel. Tilden v. Massieon,] 279 Ill. 312), the Supreme Court said in part:

"The city council cannot, by failing to pass any ordinance, reserve to itself arbitrary discretion to approve plats or not to approve them. Where the city has not passed any ordinance on the subject, the only requirements to which the owner is obliged to conform are those of the statute."

In Hoerrmann v. Wabash Ry. Co., 309 Ill. 524, it was held that the act of approval by a village board, when the statutes and ordinances have been complied with in making a plat of a subdivision, is ministerial and may be enforced by mandamus.

In *People v. Moczek,* 407 Ill. 373, 382, it was said: "Since statutes are to be construed according to their intent and meaning, a situation which is within the object, spirit and meaning of a statute is regarded as within the statute although not within the letter. (*Burke v. Industrial Com.* 368 Ill. 554.)"

■ We do not think the legislature intended to place a county recorder in the danger of violating the penal statute, referred to, were he to record a plat like the one in the instant case, upon the doubtful ground that the Village had not by ordinance created any duty on its part to approve such plat, and therefore no approval was necessary.

The facts in the instant case demonstrate that defendants have a duty to approve the instant plat. The order for the writ of mandamus was justified and is affirmed.

*Affirmed.*

KILEY, P. J. and LEWE, J., concur.