KARRAS, MINOR, ETC. *v.* MARION SUPERIOR COURT, ROOM 4, PRITCHARD, JUDGE.

[No. 29,422.   Filed July 31, 1956.]

---

*Harrison White,* of Indianapolis, for relator.

No appearance for respondent.

ACHOR, J.—We are here presented with a petition for a writ of mandate. The petition is filed in relation to a proceedings for writ of habeas corpus, in which proceedings relator alleged that he had been committed to White's Manual Labor Institute by the Juvenile Court of Marion County, the record of which, relator asserts, affirmatively discloses that said commitment was effected without due process of law. On the basis of these alleged facts relator asserts that said commitment was wholly void and that such fact, when presented in the habeas corpus proceedings, made it

the mandatory duty of the respondent to discharge the relator.

The record discloses that the petition for writ of habeas corpus was submitted and denied and that to this action relator filed a motion to reconsider.

Relator now seeks a writ of mandate commanding the respondent Walter Prichard, Judge of the Marion Superior Court, Room 4, to do each of the following:

"(a)   Reinstate the said action for ruling on motion to consider.

·  ·  ·  ·  ·  ·

"(c)   And to release Vernon Karras forthwith from further imprisonment, herein.

"(d)   And to hold for naught the judgment of the Marion County Juvenile Court of April 4th 1956 committing the petitioner Vernon Karras to White's Manual Labor Institute . . ."

The petition is fatally defective, both as to form and substance, for three reasons:

First, the action is not brought in the name of the State on relation of the party in interest.

The mandatory character of the rule and the reason for it has been stated as follows:

"The action (proceedings in mandate) should be brought in the name of the State of Indiana on the relation of the party in interest. A person cannot legally file the original action in his own name, the state being the proper plaintiff. This requirement is mandatory. In a sense the state is allowing an individual to enforce in the name of the state a remedy which the individual as such does not have. *State ex rel. Clifton* v. *Schortemeier, Secy.* (1926), 197 Ind. 669, 151 N. E. 613; . . ." Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, Section 3022, *Parties*, page 460.

Second, petitioner has not provided us with a "certified copy of all pleadings, orders and entries pertaining to the subject matter," as provided by Rule 2-35. Specifically, he has failed to file a certified copy of the proceedings in the Juvenile Court, of which he complained. Therefore, nothing is here presented as to the regularity of those proceedings.

Finally, even though this action were filed in the name of the state and a certified copy of the record had been set out as exhibits and it evidenced a violation of relator's right of due process in the original proceedings, it still would not be within the province of this court to mandate the respondent to make a particular finding and judgment upon the issue of due process as presented in the habeas corpus proceedings. We could only mandate the court to hear and consider the proceedings, which he has done and, if he erred in his decision upon the issue of due process, such error must be presented to this court by appeal and not by petition for writ of mandate. *State ex rel. Frye* v. *Conboy, Judge* (1944), 222 Ind. 293, 53 N. E. 2d 543.

The petition is therefore denied.

Landis, C. J., Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 136 N. E. 2d 16.