KNUTSON ET AL. *v.* STATE EX REL. SEBERGER ET AL.

[No. 29,647.   Filed April 7, 1959.   Rehearing denied July 17, 1959.]

*Lowell E. Enslen, Theodore M. Gemberling, Owen W. Crumpacker* and *Crumpacker, Gemberling & Enslen,* all of Hammond, *James K. Northam* and *Myers, Northam & Myers,* of Indianapolis, for appellants.

*Wendell Hamacher,* of Crown Point, for appellees.

ACHOR, J.—This is an appeal from an action in mandate brought by a subdivider and his wife against the Town Board of Trustees of the town of Dyer, Indiana, to require the approval of a plat of a proposed subdivision of land within the town. The action was filed on October 2, 1956, after the Town Board had disapproved the plat as presented. The trial court ordered the Town Board to approve the plat. From that decree this appeal was taken.

It is appellants' position that the approval of such plat was discretionary with the Town Board and therefore that order of mandate was contrary to law.

It is the general rule, as contended by appellants, that writs of mandate will not be granted to control the discretionary action of a public officer, board or commission.[1] However, the law is also well established by a long line of decisions that public officials, boards and commissions may be mandated to perform ministerial acts where there is a clear legal duty to perform such acts.[2]

---

1. *State ex rel. Fry* v. *Bd. of Commissioners of Martin County* (1890), 125 Ind. 247, 25 N. E. 286; *State ex rel. Reynolds* v. *Bd. of Commissioners of Tippecanoe County* (1874), 45 Ind. 501.

2. *State ex rel. Smithermon et al.* v. *Davis, etc. et al.* (1958),

The basic question presented by this appeal is whether under the circumstances here presented there was a clear duty on the part of the Town Board of Dyer to approve or disapprove the plat as submitted as a ministerial act.

Cities and towns have been granted broad authority by the state which created them to control the development of areas in and adjacent to them. However, public policy requires that this authority be exercised in a standardized and clearly defined manner so as to enable both the landowner and the municipality to act with assurance and authority regarding the development of such areas. It is for this reason that although public policy requires municipal control of such development, nevertheless the authority of a town to deny a landowner the right to develop his property by refusing to approve the plat of such development is by statute made to rest upon specific standards of a statute or implementing ordinance.[3] Thereafter the approval or disapproval of the plat on the basis of the controlling standards is a ministerial act.[4]

238 Ind. 563, 151 N. E. 2d 495; *Board of Comm'rs of Daviess Co.* v. *State ex rel. City of Washington* (1895), 141 Ind. 187, 192, 40 N. E. 686; *The State ex rel. Roundtree* v. *The Board of Commissioners of Gibson Co.* (1881), 80 Ind. 478; *State ex rel.* v. *Hall* (1921), 191 Ind. 271, 276, 277, 131 N. E. 821; *Wise* v. *McKeever* (1916), 184 Ind. 686, 696, 112 N. E. 765; *Public Service Com.* v. *State ex rel.* (1916), 184 Ind. 273, 111 N. E. 10; *Recher* v. *State ex rel.* (1914), 182 Ind. 301, 305, 106 N. E. 355; *Rodenbarger* v. *State ex rel.* (1906), 165 Ind. 685, 689, 76 N. E. 398; *Welch* v. *State ex rel.* (1905), 164 Ind. 104, 107, 72 N. E. 1043; *State ex rel.* v. *Board, etc.* (1901), 157 Ind. 96, 98, 60 N. E. 939; *State ex rel. Roberts* v. *Bever* (1885), 143 Ind. 488, 492, 41 N. E. 802; *State ex rel. Cutter* v. *Kamman, Trustee, et al.* (1898), 151 Ind. 407, 410, 51 N. E. 483; *The State ex rel. Dunkleberg* v. *Porter, Trustee of Clinton Township* (1893), 134 Ind. 63, 33 N. E. 687; *The Board of Comm'rs of Hamilton Co.* v. *The State ex rel. Stephenson et al.* (1888), 113 Ind. 179, 185, 15 N. E. 258.

3. See *City of Indianapolis* v. *College Park Land Co.* (1918), 187 Ind. 541, 547, 118 N.E. 356.

4. In *People ex rel. Jackson & Morris, Inc.* v. *Smuczynski*

Therefore, we first consider the pertinent statutes and their implementing ordinances, as cited and relied upon by the parties.

Section 48-801, Burns' 1950 Repl. [Acts 1905, ch. 129, §246, p. 219] provides in part as follows:

> "Any person who may lay off . . . any subdivision or any lots or lands within the limits of any city or town, shall, previous to the sale of any lots in such town, addition or subdivision, cause to be recorded in the recorder's office of the proper county a correct plat of such town, addition or subdivision, with the public grounds, streets and alleys properly marked, showing the length and width of each, and with the lots regularly numbered and the size thereof marked upon the plat. . . ."

Section 48-802 provides in part as follows:

> "Whenever a plat is made of any lots or lands as an addition to any city or town, or as a subdivision of any lots or lands within such city or town, such plat shall be submitted for approval of . . . the board of trustees in any town, . . . befor the same is offered for record in the recorder's office. Such . . . board of trustees, after examination duly made, shall approve or disapprove such plat. Such . . . board of trustees may require the streets and alleys, therein shown, to be as wide as, and to be coterminous with the streets and and alleys of that part of the city or town to which it adjoins. . . ."

---

(1951), 345 Ill. App. 63, 67, 102 N. E. 2d 168, 170, the court held as follows:

"'The city council cannot, by failing to pass any ordinance, reserve to itself arbitrary discretion to approve plats or not to approve them. Where the city has not passed any ordinance on the subject, the only requirements to which the owner is obliged to conform are those of the statute.'"

Also in the case of *Hoerrmann* v. *Wabash Ry. Co.* (1923), 309 Ill. 524, 535, 141 N. E. 289, 293, the court held as follows:

". . . The act of approval by a village board . . . when the statutes and ordinances have been complied with in making a plat of a subdivision, is ministerial and may be enforced by *mandamus.* . . ."

Furthermore, under the Planning and Zoning statute [§§53-701—53-789], Burns' 1951 Repl. (and 1957 Supp.) cities and towns were authorized to adopt planning and zoning ordinances which would, in great detail, regulate the development of subdivisions. The statute further provided that upon creation of such Plan Commission and the adoption of such Master Plan, the Plan Comission was vested with authority to "approve" or "disapprove" the plats of subdivisions on the basis of the improvements required by the ordinance [§53-748]. Under this authority the town of Dyer adopted a subdivision Control Ordinance No. 281, as part of a Master Plan designed to control the future growth of the area under the jurisdiction of a Plan Commission. The ordinance under authority of the statute purported to establish by reference certain standards for the construction of streets, sewers, etc. for subdivisions as a condition precedent to their approval.

However, we are here confronted by the fact that on February 15, 1957, a declaratory judgment was rendered by the Lake Circuit Court which declared that the above subdivision control ordinance was fatally defective[5] for the reason that it purported to incorporate

---

5. The decree provided in part:

"It is Therefore Ordered, Adjudged and Decreed by the Court that at the time this action was filed, the Plan Commission of the Town of Dyer did not have power to approve and disapprove subdivision plats and, particularly, did not have such power over the plat of the Flower Gardens Addition to the Town of Dyer.

"Before the Plan Commission of the Town of Dyer could acquire the power to approve or disapprove subdivision plats, it was necessary that the Town of Dyer, through its Town Board, adopt a subdivision control ordinance and a Master Plan, or part thereof, as defined in Sec. 3, Ch. 174, of the Acts of the Indiana General Assembly for 1947, at page 571; as amended by Sec. 1, Ch. 178, of the Acts of the Indiana General Assembly of 1953, at page 641.

"That until such time, the Board of Trustees of the Town of Dyer was the only body having power to approve or disapprove subdivision plats and is now the only body having such power over

by reference "a non existent Street and Thoroughfare Plan," and that the Plan Commission of the town of Dyer was not qualified to approve a subdivision plat. No appeal was taken from this judgment and therefore it stands as a final adjudication that the subdivision control ordinance of the town of Dyer, purportedly in effect at the time of this controversy, was void. Therefore, the only authority and standard cited by appellant by which the town board could approve or disapprove the plat submitted was that set forth in §§48-801 and 48-802, *supra*.

Even so, appellant contends that the statute, by its express provision, gave the town board discretionary authority, legislative in character, to "approve or disapprove" plats, and therefore such action of the board could be reviewed only if fraudulent.

The action of a town board may be legislative or administrative, depending upon the particular circumstance.[6] Where, as here, the town board had merely to determine that the plat conformed to specific statutory requirements, then the approval or disapproval of the plat on the basis of such fact was a ministerial act. And, since the controlling statute deals with the exercise of the police power of the state limiting the rights of property owners in the use and control of their properties, the ministerial authority granted by statute will not be extended by implication. *Hill* v. *Review Board, etc., et al.* (1953),

---

the subdivision plat of the Flower Gardens Addition to the Town of Dyer.

"It is Further Ordered, Adjudged and Decreed by the Court that Part 2, Sec. 3 of Title III, Part 3a, Section 3 of Title III of the Ordinance No. 281 of the Town of Dyer are ineffective and inoperative because of the mandatory provisions of said ordinance, (are) made dependent on *a non-existent Street and Thoroughfare Plan.*"

6. The *annexation* or refusal to annex new territory is a legislative function. Rhyne: Municipal Law, pp. 34-36.

124 Ind. App. 83, 112 N. E. 2d 218; *State ex rel. Kahler-Ellis Co.* v. *Cline* (1954), (Ohio Com. Pl.) 125 N. E. 2d 222. See Syl. 2 and 3, p. 224. Therefore, although the town board was generally charged to examine and "approve or disapprove such plat," [as submitted in §48-802, *supra*] such examination was limited to the specifications set out in the statute. *State ex rel.* v. *Board, etc.* (1911), 175 Ind. 400, 94 N. E. 716.

Further upon this subject, this court has stated:

"... A duty to be performed is none the less ministerial because the person who is required to perform it may have to satisfy himself of the existence of a state of facts under which he is given his right or warrant to perform the required duty. . . ." *Board of Com'rs, etc., et al.* v. *State ex rel. Brown et al.* (1897), 147 Ind. 476, 495, 46 N. E. 908.

To the same effect, see *Flournoy* v. *The City of Jeffersonville* (1861), 17 Ind. 169, 174.

Here the plat clearly complied with the requirements of the above statute, in that it showed the length and width of streets with lots "regularly numbered and the size marked upon the plat," as provided by §48-801, *supra,* and, further, it showed the streets and alleys in the area platted were "as wide as, and to be coterminous with, the streets and alleys of that part of the city or town to which it adjoins," as provided in §48-802, *supra.*

Under the above circumstances, it appearing that the plat of the subdivision as submitted complied with all the specific requirements of the statute, and there being no valid city ordinance in effect, which could have, but did not, prescribe further conditions precedent to the approval of the plat, it therefore became the mandatory duty of the town board to

approve and accept the plat as submitted. Therefore, it cannot be said that the court abused its discretion in ordering the appellants to perform the duty imposed upon them by statute.

Judgment is therefore affirmed.

Landis, C. J., and Arterburn, J., concur.

Bobbitt, J., dissents with opinion.

Jackson, J., concurs in Bobbitt's, J., dissent.

## DISSENTING OPINION

BOBBITT, J.—I dissent from the majority opinion for the following reasons:

Courts in Indiana do not have the jurisdiction or the power to tell a lower tribunal in whose favor or in what manner a judgment shall be rendered. *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407; *Schuble* v. *Youngblood* (1947), 225 Ind. 169, 173, 73 N. E. 2d 478; *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 334, 75 N. E. 2d 151; *State ex rel. Ripa* v. *Lake Superior Court* (1942), 220 Ind. 436, 438, 43 N. E. 2d 871; *The State ex rel. Reynolds* v. *The Board of Commissioners of Tippecanoe Co.* (1874), 45 Ind. 501, 504. Nor will a writ of mandate be granted to control the discretion of a person, board, commission or tribunal. *Karras, Minor, etc.* v. *Mar. S. Ct., etc., et al.* (1956), 235 Ind. 578, 581, 136 N. E. 2d 16; *State ex rel. Tomlinson* v. *Jeffrey* (1952), 231 Ind. 101, 104, 107 N. E. 2d 1; *The State ex rel. Fry* v. *The Board of Commissioners of Martin County* (1890), 125 Ind. 247, 250, 25 N. E. 286; *The State ex rel. Reynolds* v. *The Board of Commissioners of Tippecanoe Co., supra.*

The purpose of §246 and §247 of ch. 129 of the Acts of 1905, being §48-801 and §48-802, Burns' 1950 Replacement, was to give the cities and towns some

control over territories which persons might from time to time seek to annex to and make a part of a city or town. If the only power given the town board by the provisions of §48-802, *supra,* is to examine the plat of the proposed subdivision for the purpose of ascertaining whether or not "the streets and alleys, therein shown," are as wide as, and coterminous with, the streets and alleys of that part of the town to which it adjoins, then it seems to me that the Legislature has imposed upon the town board a useless task. It could have made such provision by statute, by providing that any tract of land may be annexed to a city or town when it is shown by the plat of the proposed subdivision that the streets and alleys are as wide as, and coterminous with, those of that part of the city or town to which it adjoined, without putting the party seeking to annex and the city or town officials to the trouble of "rubber stamping" the proposed annexation, if these are the sole matters that must be shown to be true.

There are many other reasons why additional territory should not be annexed to a city or town without the approval of the proper officials, and they are so obvious that I will not extend this opinion by enumerating all of them.[1]

In my opinion, when the statute authorized the town board to approve or disapprove the plat "after examination duly made," it placed upon such board the duty and conferred the power to do more than simply ascertain if the streets and alleys were as wide as, and coterminous with, those in that part of the town which the proposed subdivision would adjoin. It will be noted that even this requirement is not

---

1. See: Rhyne, Municipal Law, pp. 34-36 for other reasons for refusing the annexation of new territory.

mandatory, but the board *may* (not shall) require such to be done; thus, leaving even this matter within the discretion of the board.

Even though the streets and alleys in the proposed addition herein are the same width and coterminous with those of that part of the town of Dyer which the proposed addition adjoins, a court does not have the power or authority to mandate the town board of Dyer to approve the plat here involved. To do so would be an arbitrary and unlawful violation of the legislative power by the judicial, contrary to Art. 3, §1 of the Constitution of Indiana.

Neither the question of proper standards nor the constitutionality of §§48-801 and 48-802, *supra*, was raised in this action.

I would reverse the judgment of the trial court. Jackson, J., concurs.

### ON PETITION FOR REHEARING

ACHOR, C. J.—Appellants assert three grounds for rehearing.

*One*: Appellants assert that this court failed to decide an issue presented, and in this appellants are correct. The issue was not considered of great controversary and therefore was not discussed in the original opinion. However, appellants ask that we rule upon this issue. The issue is presented by the following facts:

As stated in the original opinion the subdivision control ordinance of the town of Dyer was held unconstitutional. However, after the case before us was filed the town board adopted a second subdivision control ordinance, which we assume is valid. Apellants contend that since the second ordinance was in effect at the time of the trial and judgment that,

under §53-752, Burns' 1951 Repl., the plan commission and not the town board had exclusive authority to approve the plat. Therefore, appellants contend that the order of mandamus against the town board was contrary to law.

Appellants base their contention upon the general rule of law, that in mandamus or injunction cases the court will look at the situation as of the time of the decree so as not to decide a question that has become moot during litigation. *State ex rel.* v. *Indianapolis Gas Co.* (1904), 163 Ind. 48, 71 N. E. 139, 38 C. J. 551, 55 C. J. S. Mandamus §11.

No authority is cited to the effect that a municipality may give retroactive effect to an ordinance so as to deprive a citizen of his right to the approval of a plat as such right existed at the time the plat was presented to the town board for approval.

Our attention has not been called to any decision in this jurisdiction upon this specific question. However, in other jurisdictions where the question has been considered it has been held that,

> ". . . 'a municipal council may not, by the enactment of an emergency ordinance, give retroactive effect to a pending zoning ordinance thus depriving a property owner of his right to a building permit in accordance with a zoning ordinance in effect at the time of the application of such permit.' See State ex rel. Fairmount Center Co., Appellant v. Arnold, Director of Service and Inspector of Buildings, Appellee, 138 Ohio St. 259, 34 N. E. 2d 777, 136 A. L. R. 840. In that case the supreme court held that the action of council as stated therein deprived relator of its property rights without due process of law in violation of the Constitution of Ohio." *State ex rel. Castle National, Inc.* v. *Village of Wickliffe, et al.* (1947), (Ohio App.), 80 N. E. 2d 200, 202, 148 Ohio St. 410, 74 N. E. 2d 270. See also; *Lordship Park*

*Association* v. *Board of Zoning Appeals* (1950), 137 Conn. 84, 75 A. 2d 379, 382.

This rule, we believe, is consistent with the general rule of law that ordinances or statutes which are substantive in their effect are not retroactive.

". . . the general rule, which is almost universally supported by the authorities, is that retrospective laws are unconstitutional if they disturb or destroy existing or vested rights, . . .

". . . In accordance with the foregoing rules, statutes have been held invalid which retroactively . . . require approval of a planning commission as a condition of recording deeds to small pieces of property, . . ." 16A C. J. S., Constitutional Law, §417, pp. 99-103; 5 I. L. E., Constitutional Law, §151, p. 420; *City of Indianapolis, etc.* v. *Wynn et al.* (1959), 239 Ind. 567, 157 N. E. 2d 828; *Schneck* v. *City of Jeffersonville* (1898), 152 Ind. 204, 217, 52 N. E. 212; *Muncie National Bank* v. *Miller* (1883), 91 Ind. 441, 445-446; *Rupert* v. *Martz* (1888), 116 Ind. 72, 76, 18 N. E. 381.

Under this rule the ordinance, which was adopted after appellees' right of action had accrued and been asserted by a demand for approval and the filing of this action, did not nullify appellees' right to the remedy which they have sought in this action.

*Two:* Appellants also assert that the opinion violates a fundamental principle of statutory construction. Appellants argue that in construing §48-802, Burns' 1950 Repl., the court did not also consider §48-801 and thus consider the statute as a whole. The argument is without foundation.

*Three:* Further appellants urge that the opinion, which limits the "approval or disapproval" of plats to

the express statutory standards or previously adopted codes, "prejudices all of the several hundred smaller cities and towns of Indiana which lack additional zoning and subdivision control ordinances," but appellants give no reason to justify such cities and towns in not exercising their responsibility for adopting codes for the development of the communities to and for which they are responsible. In the absence of such ordinances a greater "prejudice" would operate against private citizens were they permitted only to improve their property subject to the undefined discretion of the officials authorized to "approve or disapprove" such improvements.

Appellants' argument poses an interesting issue of political philosophy as demonstrated by the facts of this case. Here a plan commission undertook to regulate the improvement of appellees' subdivision even though the decisions of that body were "made dependent on a *non-existent* Street and Thoroughfare Plan." As a consequence appellees found it necessary to develop their land by laying out streets and alleys and constructing sewers and other utilities through a continuing process of consultations with town officials. During this construction there was a change of city engineers and several changes in plans and specifications were required and submitted. After 15 months, with many delays occasioned by these negotiations, the construction was completed, but on final examination of the "plat" as developed, the commission "disapproved" it. A government which exercises such police power over the property of its citizens without any fixed standards which are known to the citizens and the enforcing officials is government by men, and not by law.

The petition for rehearing is therefore denied.

Arterburn and Landis, JJ., concur.

Bobbitt and Jackson, JJ., dissent to opinion and vote to grant rehearing.

NOTE.—Reported in 157 N. E. 2d 469.
Rehearing denied in 160 N. E. 2d 200.