HORNSBY, Chief Justice
(concurring in the result).
The Court reaches a conclusion with which I concur. I agree that Mr. Koken’s right to build on his land has been unreasonably interfered with; however, I reach this conclusion via a path different from that taken by the majority. I would hold *278 that the strictures of Ala.Code 1975, § 11-52-35, relied on by the authorities of the City of Huntsville to deny Koken a building permit, do not apply in this particular instance.
My reasoning in this matter rests upon the proposition that zoning laws and planning laws that restrict the use an owner may make of land must be strictly construed. In Smith v. City of Mobile, 374 So.2d 305, 307 (Ala.1979), construing § 11-52-30 et seq., this Court stated:
“Since the Planning Commission's power to regulate subdivisions is derived from the statute, it follows that it cannot use that power to further goals not designated by that statute. As the Court of Appeals of Maryland stated in a case similar to this one, ‘... Municipal agencies can exercise only so much of the police power as may be expressly granted or necessarily implied_ The power' delegated to the Commission to formulate and publish rules and regulations is not a blank check; it cannot make ad hoc decisions which deny to a citizen the right to use his land lawfully.’ Baltimore Planning Com’n v. Victor Development Co., 261 Md. 387, 275 A.2d 478, 481 (1971). Statutes or ordinances which impose restrictions on the use of private property are strictly construed and their scope cannot be extended to include limitations not therein included or prescribed. E.C. Yokley, The Law of Subdivisions, § 53 (1963 and Supp.1979), citing Knutson v. State, 239 Ind. 656, 157 N.E.2d 469 (1959), affirmed on rehearing, 239 Ind. 656, 160 N.E.2d 200 (1959). See, also: Boxell v. Planning Com ’n of City of Maumee, 10 Ohio App.2d 25, 225 N.E.2d 610 (1967).”
It is clear from this language in Smith that restrictions on use that do not further the goal of the challenged statute must not be allowed. Section 11-52-35 does allow the planning commission to deny a building permit to a landowner when he lacks “access” to a street, as set out in the statute. There can be no clearer case of a restriction on use than the instance in.which a landowner is denied the right to build a house on his land. Thus, § 11-52-35 and its related sections must be strictly construed so that they may not be used as a vehicle to achieve goals not contemplated by the larger statute.
Section 11-52-35 is contained within Article 2, Chapter 52, of Title 11. Article 2 is entitled “Control of Subdivisions Generally.” All of the provisions of Article 2 are directed toward the control and management of subdivisions. Because the purpose of Article 2 is to control the growth of subdivisions, its terms should not apply to tracts of land that are not subdivided or are not part of larger subdivided tracts. This is in keeping with the strict construction analysis set out in Smith v. City of Mobile, 374 So.2d 305 (Ala.1979). Thus, because Mr. Koken’s property is neither subdivided nor part of a larger subdivision, § 11-52-35 does not apply and the denial of a building permit based on that section is unlawful, because there is no subdivision to control.
To allow the planning commission to continue its present practice would be impractical. Presently, the planning commission may, if it wishes to do so, adopt a major street plan within its five-mile “subdivision jurisdiction” and then stop all development of property that is not provided with “access” to streets that the commission draws on a planning map. Thus, the commission has power to pick and choose who may and who may not have “access” to a street and, consequently, who may receive a building permit. Thus, large undeveloped tracts of land, like Mr. Koken’s, may be rendered useless for the purpose intended by their owners. Such a power is patently beyond the contemplation of Article 2.
Section 11-52-35, thus, should not apply where a subdivision is not in place or is not contemplated. To allow otherwise goes beyond the stated purpose of Article 2, Chapter 52, Title 11.
*279 [[Image here]]