# IN THE COURT OF APPEALS OF IOWA

No. 17-1498
Filed July 18, 2018

**NICHOLAS S. BUSSANMAS, L.L.C.,**
    Plaintiff-Appellant,

**vs.**

**CITY COUNCIL OF THE CITY OF DES MOINES,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Nicholas S. Bussanmas, L.L.C. appeals from the denial of its petition for writ of certiorari challenging the Des Moines City Council's denial of its preliminary subdivision plat "Winterfell." **AFFIRMED.**

Joseph M. Borg and Benjamin D. Bruner of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellant.

Michelle Mackel-Wiederanders, Assistant City Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

The City Council of the City of Des Moines[1] denied Nicholas S. Bussanmas, L.L.C.'s (Bussanmas) request for review and approval of its preliminary plat to subdivide Bussanmas's property into three lots for development of single-family dwellings. Bussanmas appealed by filing a petition for writ of certiorari in district court challenging the Council's refusal to approve its application.[2] Following a trial de novo as an equitable proceeding under Iowa Code section 354.10(3) (2017), the district court denied Bussanmas's petition, finding sufficient evidence supported the Council's decision to reject Bussanmas's preliminary plat. Bussanmas appeals the district court's denial, asserting the Council's decision was unreasonable, and thus the district court's denial unreasonable. Upon our review, we affirm.

### I.  Background Facts and Proceedings.

In 2015, Bussanmas purchased 2.34 acres of land located at 3816 John Lynde Road in Des Moines. The property, located in a one-family-residential-district zone, contained a single-family dwelling and undeveloped timbered land along a ravine. Prior to purchasing the property, Bussanmas contacted the City to see whether this was a property that could be subdivided, and a City employee in city development indicated that the property could be subdivided into four lots if the Council granted a variance to subdivide the property. After purchasing the

---

[1] For ease of reference, we hereinafter refer to the City of Des Moines itself as "City" and to the City's Council as "Council."

[2] The appeal was captioned "Petition for Writ of Certiorari" and filed pursuant to Iowa Code § 354.10(3) (2017) (appeal to district court by applicant aggrieved by a governing body's subdivision plat decision), and Iowa Rule of Civil Procedure 1.1401 (certiorari petition).

property, a four-lot subdivision plat was prepared. Bussanmas applied for preliminary approval of the plat, including requesting the necessary variance concerning the lots' proposed frontages. Neighbors of the property received notice of Bussanmas's application. Neighbors were generally opposed to Bussanmas's plans, and numerous persons sent responses to the City citing their objections. The Zoning Board of Adjustment denied the four-lot plan in October 2015. After receiving feedback from the City, Bussanmas went back to the drawing board and a three-lot subdivision plat was prepared that would not require a variance to accommodate frontage requirements.

In April 2016, Bussanmas presented three-lot preliminary plat "Winterfell" to the City's Plan and Zoning commission. Neighbors continued to object to Bussanmas's development plans. The commission voted to deny the staff's recommendation for approval of the preliminary plat.

Bussanmas appealed the denial of the preliminary plat to the Council. Neighbors attended the Council's June 13, 2016 meeting and voiced their opposition to the plan. The Council voted to deny Bussanmas's preliminary subdivision plat, making the following findings of fact and objections:

> a. In accordance with Iowa Code Section 354.8, the City Council is charged with considering the burden on public improvements and balancing interests between the appellant, future purchasers, and the public interest in reviewing proposed subdivision plats, and that Council finds that the preliminary plat "Winterfell" would create a burden on the City's storm water management system and the surrounding neighborhood that outweighs the interest of the developer and future purchasers of the subject property.
> b. The preliminary plat "Winterfell" does not meet the requirements of Des Moines Municipal Code Section 106-3(b) which states that "land to be subdivided shall be of such character that it can be used safely for building purposes without danger to health or

peril from fire and flood and shall not be subdivided until adequate utilities, drainage, streets and similar improvements exist or are satisfactorily provided."

 c. The preliminary plat "Winterfell" is not consistent with the following purposes stated in the City's subdivision ordinance (Municipal Code Chapter 106): (i) to "protect and provide for the public health, safety, and general welfare of the city"; (ii) to "secure safety from . . . flooding"; (iii) to "ensure the adequacy of drainage facilities; safeguard the water table; and encourage the wise use and management of natural resources throughout the city in order to preserve the integrity, stability, and beauty of the community and the value of land"; and (iv) to "provide for due consideration to be given to the preservation of canopied areas and mature trees and to provide for the mitigation of canopied areas and mature trees which are removed for development."

 d. Following public hearing, the City Plan and Zoning Commission voted 11-1 to recommend denial of the Preliminary Plat "Winterfell" on the basis of storm water management concerns in the general neighborhood and specifically upon the subject property at 3816 John Lynde Road and adjoining properties, and neighborhood opposition to the project.

 e. The proposed subdivision and development of the subject property should not be allowed due to existing storm water concerns in the area, including the volume of water that currently accumulates and flows through the ravine upon the subject property. The subject property currently acts as a natural water shed, and development thereon may negatively impact this existing storm water management.

 f. The proposed subdivision and development of the subject property further should not be allowed due to the planned removal of large mature trees on the property, which provide natural storm water management. Replacement trees are not anticipated to be able to fully compensate for removal of existing trees, and further erosion of the ravine may occur in the event of mature tree removal on the subject property.

Bussanmas subsequently appealed to the district court challenging the Council's refusal to approve its application. After reviewing the evidence presented at a trial de novo, the district court concluded it could not find that the Council acted unreasonably or that the Council's decision was contrary to a rule of law.

Bussanmas now appeals.

## II. Standard of Review.

Both parties submit that our review of the district court's ruling is de novo. We agree. Review by the district court of a city council's denial of approval of a subdivision plat is by trial de novo as an equitable proceeding. Iowa Code § 354.10(3). The district court reviews the facts anew, but if the facts found by the court leave the reasonableness of the board's decision "open to a fair difference of opinion," the court may not substitute its judgment for that of the board. *Oakes Constr. Co. v. City of Iowa City,* 304 N.W.2d 797, 799 (Iowa 1981) (quoting *Weldon v. Zoning Board,* 250 N.W.2d 396, 401 (Iowa 1977)). "The reasonableness of the council's decision is not open to 'a fair difference of opinion,' of course, if the decision is contrary to a rule of law, notwithstanding that it may be within the facts." *Id.* On appeal, our review is the same as that of the district court. *Id.*

## III. Discussion.

Iowa Code chapter 354, which governs platting, division, and subdivision of land, was enacted "to provide for a balance between the review and regulation authority of governmental agencies concerning the division and subdivision of land and the rights of landowners." Iowa Code § 354.1. To that end, the governing body, applying "reasonable standards and conditions in accordance with applicable statutes and ordinances for the review and approval of subdivisions,"

> shall determine whether the subdivision conforms to its comprehensive plan and shall give consideration to the possible burden on public improvements and to a balance of interests between the proprietor, future purchasers, and the public interest in the subdivision when reviewing the proposed subdivision and when requiring the installation of public improvements in conjunction with approval of a subdivision.

*Id.* § 354.8(1)-(2). Pursuant to Iowa Code section 354.8(2):

> If the subdivision plat and all matters related to final approval of the subdivision plat conform to the standards and conditions established by the governing body, and conform to [chapters 354 and] 355, the governing body, by resolution, shall approve the plat and certify the resolution which shall be recorded with the plat.

Ultimately, the goals of chapter 354 require a balancing of numerous interests, many of which are subjective.

We apply a liberal approach to subdivision decisions. Our supreme court has stated:

> On balance, we incline toward a reasonably liberal reading of subdivision legislation, subject to the watchful eyes of the courts under their de novo review. At the same time, we hold that councils must not approve or disapprove on whim, *see Knutson v. State ex rel. Seberger*, 239 Ind. 656, 662-63, 157 N.E.2d 469, 473 (1959), but rather on the facts of each case and on the manifest objects and purposes of the legislation. 62 C.J.S. Municipal Corporations s 83c, at 200-01 (1949) ("In exercising its powers a planning board or commission should act reasonably, and should be guided by factors affecting the welfare of the community, and by the provisions of the statute or charter under which it operates.").

*Oakes Constr. Co.*, 304 N.W.2d at 806.

Here, Bussanmas asserts, "'There is no room for difference of opinion among reasonable minds,' the decision to deny the Winterfell plat was contrary to the evidence, arbitrary, and without any regard to reasonable standards or the right of Bussanmas to safely develop the Subject Property." (Citations omitted.) The district court disagreed, explaining:

> Keeping in mind that the court cannot substitute its judgment for that of the Council, the court still must view the facts anew. However, if the facts found by the court leave the reasonableness of the [Council's] decision "open to a fair difference of opinion," the court again may not substitute its judgment for that of the Council.
> Although the experts in this case all indicated that there would not be a detriment to other properties by the "Winterfell" plat and, in fact, all testified that there would be improvement regarding flooding, erosion and preservation of trees, there was evidence brought by

neighbors to the adjacent property which was reasonably contrary to [Bussanmas's] evidence. In addition, such considerations as adopted by the Council in its resolution of June 13, 2016, regarding such matters as "the wise use and management of natural resources," "due consideration to be given to the preservation of canopied areas and mature trees and to provide for the mitigation of canopied trees and mature trees which are removed for development," the removal of large mature trees and replacement trees that would not be able to fully compensate for the removal of such trees were all well within the prerogative of the Council and also well within the goals of the City of Des Moines's comprehensive plan adopted in April of 2016 . . . .

There is no evidence to suggest that the Council did not perform its function as required by law. It appears that the Council took into consideration all of the evidence provided by both [Bussanmas] and by neighbors and other public comments, considered the pros and cons and balanced the interest of the [Bussanmas], including the proposed development, against the interest of the City, its citizens and the comprehensive plan adopted by the [City]. Therefore, the court finds that there is sufficient evidence in the record to support the Council's decision to reject the preliminary plat "Winterfell."

Upon our review of the record, we agree with the district court.

Here, there is room for a difference of opinion among reasonable minds. Stated another way, a reasonable mind could accept the record evidence as adequate to reach the same findings as the Council. The Council clearly considered all of the relevant evidence and balanced that evidence as required by section 354.8(1), including the interests of Bussanmas, the neighbors, and the City, and it determined Bussanmas's preliminary plat must be rejected. We agree with the district court that there is sufficient evidence to support the Council's decision to reject the preliminary plat.

*IV. Conclusion.*

Because we agree with the district court that there is sufficient evidence to support the Council's decision to reject Bussanmas's preliminary plat, we affirm the district court's order.

**AFFIRMED.**